McCAUGHN, COLLECTOR OF INTERNAL REVE-
NUE, *v.* HERSHEY CHOCOLATE CO.

ESTATE OF LEDERER, COLLECTOR OF INTER-
NAL REVENUE, *v.* SAME.

ESTATE OF DAVIS, COLLECTOR OF INTERNAL
REVENUE, *v.* SAME.

ESTATE OF LEDERER, COLLECTOR OF INTER-
NAL REVENUE, *v.* SAME.

McCAUGHN, COLLECTOR OF INTERNAL REVE-
NUE, *v.* SAME.

ESTATE OF DAVIS, COLLECTOR OF INTERNAL
REVENUE, *v.* SAME.

SAME *v.* KLEIN CHOCOLATE CO.

ESTATE OF LEDERER, COLLECTOR OF INTER-
NAL REVENUE, *v.* SAME.

SAME *v.* SAME.

McCAUGHN, COLLECTOR OF INTERNAL REVE-
NUE, *v.* SAME.

ESTATE OF LEDERER, COLLECTOR OF INTER-
NAL REVENUE, *v.* WILBUR SUCHARD CHOCO-
LATE CO.

SAME *v.* SAME.

McCAUGHN, COLLECTOR OF INTERNAL REVE-
NUE, *v.* SAME.

ESTATE OF DAVIS, COLLECTOR OF INTERNAL
REVENUE, *v.* YORK CHOCOLATE CO.

ESTATE OF LEDERER, COLLECTOR OF INTER-
NAL REVENUE, *v.* SAME.

McCAUGHN, COLLECTOR OF INTERNAL REVE-
NUE, *v.* SAME.

Nos. 426-441.  Argued April 21, 22, 1931.—Decided May 18, 1931.

*Mr. Claude R. Branch,* Special Assistant to the Attorney General, with whom *Solicitor General Thacher, Assistant Attorney General Youngquist,* and *Messrs. Sewall Key* and *J. P. Jackson,* Special Assistants to the Attorney General, *Erwin N. Griswold, Clarence M. Charest,* General Counsel, and *Harrison F. McConnell,* Special Attorney, Bureau of Internal Revenue, were on the brief for petitioners.

*Mr. William Clarke Mason,* with whom *Messrs. John E. Snyder, F. Lyman Windolph, C. J. Hepburn, S. V. Hosterman,* and *A. Allen Woodruff* were on the brief, for respondents.

MR. JUSTICE STONE delivered the opinion of the Court.

Section 900 of the Revenue Act of 1918, 40 Stat. 1057, 1122, imposed, at varying percentages, an excise tax upon

the sales price of enumerated articles, most of which may be characterized as luxuries. The enumeration of the ninth subdivision was, " Candy, 5 per centum." Section 900 (6) of the Revenue Act of 1921, 42 Stat. 227, 292, reënacted this provision but reduced the tax to 3%. Respondents, manufacturers of " sweet chocolate " and " sweet milk chocolate," brought suits in the District Court for Eastern Pennsylvania, to recover about $8,000,-000 of taxes assessed under these sections for the years 1918 to 1924, on the ground that the articles sold are not " candy," sale of which was taxed. On written stipulation of the parties, the cases were tried by the court without a jury. Judgments for petitioners were reversed by the Court of Appeals for the Third Circuit. 42 F. (2d) 408. This Court granted certiorari, 282 U. S. 827, to resolve the conflict of the decision below with that of the Court of Appeals for the First Circuit, in *Malley* v. *Walter Baker & Co.*, 281 Fed. 41.

The trial court found that sweet chocolate is a solid or plastic mass, made by mixing sugar with chocolate, which is the powdered cacao nib or bean, with or without the addition of flavoring material, and that sweet milk chocolate also contains milk solids; that the type of sweet chocolate manufactured and sold by respondents is commonly sold in small bars, sometimes containing nuts, or in blocks, " attractively dressed up " for sale under names which would appeal to candy consumers, and is usually consumed in the same manner as candy, that is, eaten in small quantities from the hand as a sweetmeat. One of the respondents described its product as a " confection " upon some of its labels and display matter.

Respondents rest their case mainly upon differences in composition of sweet chocolate from that of confectionery, made principally of sugar or molasses, with or without the addition of coloring or flavoring matter, which, it is urged, is alone described by the word " candy." They

assert that chocolate is food and candy is not, and hence chocolate cannot be properly described as candy. But it is common knowledge that sugar, also a food, is an ingredient both of candy as thus defined and of sweet chocolate, sometimes to the extent of 50% or more of the latter, as was conceded on the argument here. We likewise know, as was conceded, that chocolate in a great variety of forms is an important ingredient of what is commonly know as candy, and that pieces of sweet .chocolate of the type described by the findings are often included in packages of confectionery commonly sold as candy. These considerations at least suggest that the form and use of sugar compounds, intended for taste-gratifying consumption, are quite as important in determining whether they are candy, as their particular composition. See *Malley* v. *Walter Baker & Co., supra*, p. 46.

No doubt the word "candy," in view of its use to designate confections made principally of sugar before the widespread consumption of sweet chocolate preparations as confections or sweetmeats, and as the dictionary suggests, may be used in this narrower and more restricted sense. But it may be, and we think is used, as the dictionary also suggests, in a popular and more general sense, as synonymous with sugar compounds sold and used as confectionery or sweetmeats, and embraces them, as well as candy made chiefly of sugar.

If it were necessary to our decision, in the absence of any controlling legislative history or any suggested plausible reason why a tax on candy, in a general revenue measure taxing luxuries, should be deemed to apply to one type of confectionery and not the other, we should hesitate to say that the word was used in its restricted sense, or to hold that a substance made of sugar and chocolate, a widely known and popular form of confectionery identified, in use and method of distribution, with other

types of confectionery known as "candy," was not intended to be taxed. See *DeGanay* v. *Lederer,* 250 U. S. 376, 381; *Van Camp & Sons* v. *American Can Co.,* 278 U. S. 245, 253.

Possible doubts as to the proper construction of the language used should be resolved in the light of its administrative and legislative history. Shortly after the adoption of the 1918 Act, Art. 22 of Regulations 47, May 1, 1919, announced that "Candy within the meaning of the act includes . . . . sweet chocolate and sweet milk chocolate, whether plain or mixed with fruit or nuts." This continued to be the ruling of the Treasury Department until the repeal of the tax by § 1100 (a) of the Revenue Act of 1924, 43 Stat. 253, 352. It and later regulations excluded unsweetened chocolate from the tax and, as revised in December, 1920, the regulation, and also Art. 19 of Regulations 47, January 6, 1922, under the 1921 Act, excluded from the tax all sweet chocolate which obviously would not be consumed in the condition or form in which sold. This was but a recognition that use may be a determining factor in ascertaining what sugar compounds are embraced in the word candy.

The administrative construction was upheld in 1922 by *Malley* v. *Walter Baker & Co., supra,* the only case, other than the present, which has considered it. The provision has been consistently enforced as construed, was reënacted by Congress in the 1921 Act, and remained on the statute books without amendment until its repeal. Such a construction of a doubtful or ambiguous statute by officials charged with its administration will not be judicially disturbed except for reasons of weight, which this record does not present. See *Brewster* v. *Gage,* 280 U. S. 327, 336; *Universal Battery Co.* v. *United States,* 281 U. S. 580, 583; *Fawcus Machine Co.* v. *United States,* 282 U. S. 375, 378. The reënactment of the statute by Congress, as well as the failure to amend it in the face of the consistent

administrative construction, is at least persuasive of a legislative recognition and approval of the statute as construed. See *National Lead Co.* v. *United States,* 252 U. S. 140, 146. We see no reason for rejecting that construction.

The court below found support for its decision in the fact that various tariff and revenue acts have separately classified candy and chocolate, and respondents make the point here. But it is to be noted that in none of the acts cited does the word candy appear alone, as in the present statute. In the earlier tariff acts the duty was laid on "sugar candy." See Act of August 10, 1790, 1 Stat. 180; Act of June 7, 1794, 1 Stat. 390. In those of August 5, 1909, 36 Stat. 11; October 3, 1913, 38 Stat. 114; and September 21, 1922, 42 Stat. 858, which may be taken as typical, a duty was imposed on importations of "sugar candy and all confectionery not specially provided for" at one rate, and by different paragraph, on chocolate, at a different rate. The differences in rate made classification necessary; and as the cacao bean is not produced in the United States and sugar is, that fact may be taken to account in a tariff act for the differences both in rate and classification. But a difference in composition, relatively minor so far as it has any bearing on the general character of the product or its use, is of little moment in determining whether the product falls within or without a single class of luxuries taxed, for revenue only, at a single rate. Similarly, rulings of the Department of Agriculture setting up standards under the Pure Food Laws for the composition of various types of confectionery, including sweet chocolate, throw no light on the present problem.

Nor do we think of significance the fact relied upon here and by the court below that statements inconsistent with the conclusion which we reach were made to committees of Congress or in discussions on the floor of the Senate by senators who were not in charge of the bill.

494

For reasons which need not be restated, such individual expressions are without weight in the interpretation of a statute. See *Duplex Co.* v. *Deering,* 254 U. S. 443, 474; *Lapina* v. *Williams,* 232 U. S. 78, 90; *United States* v. *Freight Assn.,* 166 U. S. 290, 318.

*Reversed.*