## WARNER v. COMMISSIONER OF INTERNAL REVENUE.
### No. 458.

Circuit Court of Appeals, Second Circuit.
July 25, 1933.

Arthur M. Marsh, of Bridgeport, Conn. (Marsh, Stoddard & Day, of Bridgeport, Conn., of counsel), for petitioner.

Sewall Key and Francis H. Horan, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Arthur Carnduff, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The petitioner, a resident of Bridgeport, Conn., is the owner of both preferred and common stock in the Warner Bros. Company, a corporation having its principal place of business at Bridgeport. It is a corporation whose common stock is closely held within the Warner family. Its preferred stockholders include employees of the corporation and others not members of the Warner family. In 1926, it was decided to change its capital structure. The details of this change are unimportant. Part of the result was a so-called surplus set up on the books by replacing the old common stock, which was of the par value of $100 a share, with twice the number of shares of common stock having no par value and carrying the new stock in the capital account at $35 per share. The petitioner and others, on March 31, 1926, subscribed for additional preferred shares at one hundred dollars par. The petitioner took and paid for five hundred such shares. The corporation had no net earnings and paid no dividends on its common stock after February 8, 1923, but did pay regularly out of capital the dividends on its preferred stock. This was done with the consent and approval of all the common stockholders for personal and business reasons which are not of moment now. It is clear that the common stockholders intended to deplete only the assets available, upon liquidation, to common stockholders, and that at all times the corporation had assets more than sufficient to liquidate all its preferred stock at par after all debts were paid.

On October 1, 1927, after he had received all the dividends regularly declared and paid on the shares since he subscribed for them in 1926, the petitioner sold and delivered the

five hundred preferred shares to the corporation and received from it in payment the full par value. In determining whether the petitioner derived a profit in 1927 in the sale of the stock to the corporation, the respondent reduced the basis of the cost of the stock by the amount of the dividends the petitioner had received. The sole question here presented is whether this was lawful.

The applicable statute is section 201 (d) of the Revenue Act of 1926 (26 USCA § 932 (d). It provides that:

"If any distribution (not in partial or complete liquidation) made by a corporation to its shareholders is not out of increase in value of property accrued before March 1, 1913, and is not out of earnings or profits, then the amount of such distribution shall be applied against and reduce the basis of the stock provided in section 935 [204], and if in excess of such basis, such excess shall be taxable in the same manner as a gain from the sale or exchange of property. * * * *"

Treas. Reg. 69, art. 1544, construed this statute to mean that any such distribution should be applied against and reduce the cost or other basis "of the stock upon which the distribution was made" in determining gain or loss on a subsequent sale of the stock.

The petitioner argues that this regulation in attempting to apply the adjustment to the particular stock on which dividends were declared and paid goes beyond the statute and is void; that the statute itself does not specifically cover the situation of a corporation which has more than one class of stock and which makes such a distribution as this corporation made; and that, as specific warrant cannot be found in the law for the action of the Commissioner, there should be a reversal.

We accept the facts, of course, as they appear. That means that none of the dividends in question when paid affected either the ability or the liability of the corporation to pay to the preferred stockholders, upon liquidation, the par value of their stock. It is equally true that the dividends were paid neither out of increase in value of property accrued before March 1, 1913, nor out of earnings or profits. At least there is no such proof, and the petitioner does not claim that they were. In trying to make the test of the correctness of the Commissioner's action whether or not the payment of the dividends decreased the assets of the corporation, carried on its books primarily for the benefit of preferred stockholders, to the extent that a liquidating dividend would not have paid preferred stockholders the full par value of their shares, and reaching the conclusion that because the assets were not so impaired the statute is inapplicable, the petitioner is confronted with the fact that such a test neither falls within the language of the law nor within any permitted construction of it. It is certainly not to be presumed that Congress meant to legislate only in respect to corporations having but one class of stock and discriminate between such corporations and the large number which, to common knowledge, have more than one class. When the statute clearly states that the distribution "shall be applied against and reduce the basis of the stock," can there be any serious question but that the stock meant is the stock on which the distribution is made? It seems to us that there is no other reasonable meaning. The regulation containing the words "upon which declared" but recognized the plain import of the statute and is accordingly valid. If more were needed to establish its validity, reference might be had to the fact that Congress re-enacted the statute while the regulations in this respect were substantially the same. See Reg. 65, art. 1544, under the Revenue Act of 1924; also Reg. 74, art. 624, under the Act of 1928, and Reg. 77, art. 624, under the Act of 1932. Compare Shearman v. Commissioner (C. C. A.) 66 F.(2d) 256 (decided July 7); McCaughn v. Hershey Chocolate Co., 283 U. S. 488, 492, 493, 51 S. Ct. 510, 75 L. Ed. 1183; United States v. Kirby Lumber Co., 284 U. S. 1, 52 S. Ct. 4, 76 L. Ed. 131.

The validity of the statute is unquestioned, and, as the action of the Commissioner was in accordance with a valid regulation, the decision of the Board of Tax Appeals was right.

Affirmed.