### UNION TRUST CO. OF ROCHESTER v. UNITED STATES.

No. 1076.

District Court, W. D. New York.

Oct. 3, 1933.

260

Harris, Beach, Folger, Bacon & Keating, of Rochester, N. Y., for plaintiff.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y., and Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y.

KNIGHT, District Judge.

The case is submitted on an agreed stipulation of facts. These facts are as follows:

On October 13, 1926, plaintiff filed a federal estate tax return for the estate of Charles Larrowe, deceased, and on February 23, 1927, paid the tax reported thereon of $21,-589.34. Thereafter an additional tax of $284.50 was assessed against the estate, and this, together with interest, was paid October 26, 1927.

On August 15, 1931, plaintiff filed a claim for refund of $10,034.41. Thereafter the Commissioner of Internal Revenue redetermined and reaudited the estate tax return, and on March 26, 1932, issued a certificate showing an overassessment of $9,755.03. He rejected a claim for refund, except as to the sum of $274.63 paid October 26, 1927, on the ground that payment thereof was barred under section 3228, Revised Statutes, as amended (26 USCA § 157). This action is brought to recover the amount of the overassessment. Since the commencement of the action the aforesaid sum of $247.63 has been refunded.

█ The question at issue is whether the amount legally subject to refund is limited to the amount paid within four years immediately preceding the filing of the claim for refund. The provisions of the Internal Revenue Act, section 3220, U. S. R. S. (26 USCA § 149); section 3226, U. S. R. S. (26 USCA § 156), and section 3228 (a), U. S. R. S., as amended (26 USCA § 157 (a), are applicable. Section 3220 authorizes the Commissioner of Internal Revenue to refund internal revenue taxes erroneously or illegally collected. The taxes in question were illegally collected. Section 3226 fixes the limitations upon the right to bring an action to recover an illegal tax. It is conceded that the conditions of section 3226 have been met. Section 3228 limits the time in which refund of any illegal tax may be made. Section 3228 (a) provides that all claims for refund of any internal revenue tax alleged to have been erroneously or illegally assessed or collected must be presented to a Commissioner of Internal Revenue "within four years next after the payment of such tax, penalty, or sum." In my opinion, such "tax, penalty, or sum" means the entire tax, penalty, or sum paid, and neither is divisible so as to shorten the time in which to file a claim for a refund. In other words, the statutory limitation runs from the final payment on the overassessment. Tax "penalty" and "sum" should be read separately, and not as though "tax" included "penalty" or "sum." "Penalty" and "sum" evidently apply to those provisions of the Revenue Act which prescribe "penalties" and fix amounts to be paid in addition to the "tax." "Tax" includes the entire "tax" liability.

█ The overassessment in this case arises by reason of the decision of the Supreme Court of the United States that a trust fund such as is found in this estate was not subject to the estate tax. May v. Heiner, 281 U. S. 238, 50 S. Ct. 286, 74 L. Ed. 826, 67 A. L. R. 1244; McCormick v. Burnet, 283 U. S. 784, 51 S. Ct. 343, 75 L. Ed. 1413; Morsman v. Burnet, 283 U. S. 783, 51 S. Ct. 343, 75 L. Ed. 1412. The tax on the trust fund was paid and the additional assessment made under provision of section 302 (c) of the Revenue Act of 1924 (26 USCA § 1094 note), as then construed by the Commissioner of Internal Revenue. The Estate Tax Act of 1924 consists of sections 300 to 318, inclusive, of the Revenue Act of 1924 (43 Stat. 303 [26 USCA § 1091 et seq. and notes]). These sections, among other things, define the property subject to tax, fix the date when the tax is payable, provide that the Commissioner shall "determine the correct amount of the tax" (section 306 [26 USCA § 1099]), and that the Commissioner shall give notice of his determination. Plaintiff urges that a tax liability is imposed which does not become a "tax" until the amount of the liability is determined by the Commissioner, and that the plaintiff did not and could not pay the estate tax imposed until it paid the full amount of

the determined tax. The amount erroneously assessed was not finally determined until October, 1927. Section 3220 authorizes the refunding of "all taxes erroneously or illegally assessed or collected," and section 3228 provides that claims must be presented within a specified time after the payment of such tax. There is much force in this contention. However, it is not necessary to base my conclusions upon this construction.

The Internal Revenue Act since 1921 has contained, under separate title, an income tax statute and an estate tax statute. Up to and including 1924, the provisions of sections 3220 and 3228 of the Internal Revenue Act were applicable to the entire act, including the income and estate tax provisions. Section 3228 then provided that claims for refund must be presented "within four years next after the payment of such tax, penalty, or sum." In 1924, section 3228 (a) was amended (26 USCA § 157 and note), and section 281 of the Revenue Act of 1924 (26 USCA § 1065 note) excepted from its provisions. The latter section was a part of the income tax statute, and applied only to "income, war-profits, or excess-profits tax" (section 281 (a) of the act (26 USCA § 1065 note). Section 281 (b) of the act (26 USCA § 1065 note) provided that no credit or refund on account of the payment of such taxes should "exceed the portion of the tax paid during the ° ° ° four years ° ° ° immediately preceding the filing of the claim." There was no corresponding amendment to the estate tax statute. Section 281 is substantially the same as section 284 of the Revenue Act of 1926 (26 USCA § 1065 and note). No corresponding change was made, either in the general provisions of the Internal Revenue Act or in the estate tax statute, until the enactment of section 810 of the Revenue Act of 1932 (47 Stat. 283 [26 USCA §§ 1117a, 1120 and note]), which limited the amount of the refund to "the portion of the tax paid during the three years immediately preceding the filing of the claim." Sections 1111 and 1112 of the Revenue Act of 1926, amending sections 3220 and 3228 (a) of the Revised Statutes (26 USCA §§ 149, 157 and notes), excepted from their provisions the limitations of section 319 of the Revenue Act of that year (26 USCA § 1120) as well as those of section 284 (26 USCA § 1065 and note). Section 319 was a new section of the Revenue Act of 1926, and specifically refers to an estate tax. Though enacted two years subsequent to the enactment of section 281, it does not make any change relative to the limitation of the amount of the refund of an estate tax. Section 319 of the act of 1926, effective February 26, 1926, further limited the time for making refunds. Deceased having died February 23, 1926, his estate is without the provisions of this section (see act).

The statutes plainly provide in income tax assessments that the limitation period includes only overassessments, or parts of overassessments, made within four years of the filing of the claim. It is clear that there was no similar statutory provision in estate tax refund claims. The natural definition of "tax" comprehends one "assessment" or one tax in the entire amount of liability. Strong support for the view here expressed is found in the historical development of the various sections of the Internal Revenue Act, including the income tax and estate tax acts. It shows that the lawmakers were conscious of the distinction made as regards refund in estate taxes and income taxes. They clearly differentiated them. In addition to this, to show the intent of Congress, we have the reports of the Congressional Committees on the submission of the amendment incorporated in section 281 of the Revenue Act of 1924 and the record of the debates in Congress. Report of Committee on Ways and Means No. 179, 68th Congress, First Session; Report No. 398, p. 33; and Conference Report No. 844 by the Managers on the Part of the House. The amendment of 1924 of the income tax statute was under consideration. It is evident Congress realized that the change in the statute was necessary to make it applicable to part payments of a tax. Further, we have the act of 1932 (section 810, Revenue Act, 47 Stat. 283) which specifically supplies the provision to restrict the application of section 3228.

It is the contention of the government that a regulation promulgated by the Internal Revenue Commissioner has the force of statute and limits recovery to that portion of the tax paid within four years preceding the filing of the claim. The first of these regulations limiting the amount of recovery is No. 70, adopted in 1926, and relates to the estate tax under the Revenue Act of 1924. Since this regulation specifically applies to estate taxes, and since regulation No. 65, relating to income tax, was unchanged, it is obvious that the Commissioner recognized that Congress had intended a distinction as regards the limitation period. Since 1926 the Commissioner has followed his established regulation. The Commissioner of Internal Revenue was authorized to adopt the regulation to carry out these provisions of the

262

Revenue Act (section 3220, R. S.). A regulation so adopted may have the force of statute. It is self-evident that it has no such force when in conflict with statute. In the language of the opinion in Maryland Casualty Co. v. United States, 251 U. S. 342, 40 S. Ct. 155, 158, 64 L. Ed. 297, such a regulation "has the force and effect of law if it be not in conflict with express statutory provision." The overpayment on this estate was made in pursuance of Regulations 63, article 20, and 68, article 18, of the Internal Revenue Commissioner. These purported to construe sections 302 (c) of the Revenue Act. The decision of the Supreme Court waived aside these Regulations. Were there any ambiguity in the meaning of the word "tax" as used in section 3228, that construction which favors the taxpayer should be adopted. United States v. Merriam, 263 U. S. 179, 44 S. Ct. 69, 68 L. Ed. 240, 29 A. L. R. 1547; Reinecke v. Northern Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397; McCaughn v. Hershey Chocolate Co., 283 U. S. 488, 51 S. Ct. 510, 75 L. Ed. 1183; United States v. Maryland Casualty Co. (C. C. A.) 49 F.(2d) 556. Resort to such a rule of construction is not required.

The precise question presented here has been passed upon by the Court of Claims in Hills v. United States, 50 F.(2d) 302; Id. (Ct. Cl.) 55 F.(2d) 1001, and in the District Court for the Territory of Hawaii in Magoon v. United States, C. C. H. Tax Service 1933, vol. III, par. 9294, p. 8753. The opinions in these cases accord with the views expressed herein.

Plaintiff is entitled to recover the admitted illegal assessment, and findings may be submitted in accordance with this decision.