**HELVERING, Commissioner of Internal Revenue, v. EVENING STAR NEWSPAPER CO.*** 

**No. 3750.**

Circuit Court of Appeals, Fourth Circuit.

June 10, 1935.

Thomas A. Carpenter, Sp. Asst. to the Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Lucius A. Buck, Sp. Assts. to the Atty. Gen., on the brief), for petitioner.

Edward H. Hart of Washington, D. C., for respondent.

Before SOPER, Circuit Judge, and McCLINTIC and HAYES, District Judges.

HAYES, District Judge.

This is an appeal by the Commissioner of Internal Revenue from a decision of

*Writ of certiorari denied 56 S. Ct. 151, 80 L. Ed. —.

the Board of Tax Appeals, reported in 28 B. T. A. 762, and involves the right of the Evening Star, a corporation publishing a newspaper, to deduct as "ordinary and necessary expenses" within the meaning of section 23 (a) of the Revenue Act of 1928 (26 USCA § 2023 (a) contributions to the Washington Community Chest in the years of 1929 and 1930.

The taxpayer publishes the Evening Star, a newspaper of the largest circulation and having more than half the advertising business in the city of Washington. Its circulation in 1929 was 105,978 daily and 111,076 Sunday, yielding advertising revenue of $2,211,722, and in the year 1930 the figures were 110,018, 115,389, and $2,068,442, respectively.

The Community Chest was sponsored by 57 charitable agencies for the purpose of making an appeal to the people of Washington to support the enterprise for the charitable needs of the city. In the campaign for each year the taxpayer took the aggressive leadership through the news and editorial columns and, in addition, contributed $20,000 and $25,000 in 1929 and 1930, respectively. Its net income, as determined by the Commissioner, for 1929 was $1,382,530.88 and for 1930 $1,061,122.54.

The Board of Tax Appeals decided that the taxpayer was entitled to deduct these contributions as necessary and ordinary expenses.

In Old Mission Portland Cement Co. v. Helvering, 293 U. S. 289, 55 S. Ct. 158, 160, 79 L. Ed. 367, Mr. Justice Stone says:

"The privilege of deducting charitable donations from gross income, conferred on individual taxpayers by section 214 (a) of the Revenue Act of 1921 (42 Stat. 239), and section 214 (a) Revenue Acts 1924 and 1926, 26 USCA § 955 (a) and note, has not been extended to corporations.

"A proposal to extend it to them was rejected by Congress pending the passage of the Revenue Act of 1918 (40 Stat. 1057). Cong. Rec., House, Vol. 56, Part 10, 10426–10428, Section 234 (a) (1) of the Revenue Acts of 1921 (42 Stat. 254), and section 234 (a) (1), Revenue Acts 1924 and 1926, 26 USCA § 986 (a) (1) and note, authorizes corporations to deduct from gross income 'all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.'

"Article 562 of Treasury Regulations 62, interpretative of the 1921 Act, declared that corporations were not entitled to deduct charitable donations. But it recognized the right to deduct donations 'made by a corporation for purposes connected with the operation of its business * * * when limited to charitable institutions, hospitals or educational institutions conducted for the benefit of its employees,' and also donations 'which legitimately represent a consideration for a benefit flowing directly to the corporation as an incident of its business.'

"These provisions were retained, without substantial change, in the regulations promulgated under the 1924, 1926, and 1928 Revenue Acts. Art. 562 of T. R. 65, 69; Art. 262 of T. R. 74. As section 234 (a) (1) to which they pertain has been re-enacted in several revenue acts, the regulation now has the force of law. McCaughn v. Hershey Chocolate Co., 283 U. S. 488, 492, 51 S. Ct. 510, 75 L. Ed. 1183; Massachusetts Mutual Life Insurance Co. v. United States, 288 U. S. 269, 273, 53 S. Ct. 337, 77 L. Ed. 739.

"It is a question of fact in each case whether a donation is made to an institution conducted for the benefit of the donor's employees or is consideration for a benefit flowing directly to the donor as an incident of its business."

The taxpayer contends the contributions were a "consideration for a benefit flowing directly to the donor as an incident of its business." The manager and the associate editor in substance stated that they do not know whether the Star sold any more papers because of its support of the Community Chest, nor do they have definite information as to how much advertising resulted from the contribution; but, while they have no way of showing, they think definitely the result was a larger sale of papers; the prestige of the paper was enhanced; and, having urged others to give until it hurt, its prestige would have suffered if it had not contributed in a liberal manner.

Whether the contributions resulted in an increase in the circulation or advertising of the Star, and, if any, to what extent, is of necessity mere conjecture. The evidence falls far short of establishing either proposition. If any benefit, in either respect, did accrue, it is so indirect and remote that it cannot rise to the dignity of being substantial, nor warrant a finding that the donations involved were, in a genuine sense, necessary and ordinary ex-

penses within the meaning of section 23 of the Revenue Act of 1928 (26 USCA § 2023) or of the Treasury Regulations 74. It is not enough that the expense be necessary; it must be ordinary and necessary. Welch v. Helvering, 290 U. S. 111, 54 S. Ct. 8, 78 L. Ed. 212.

The taxpayer's attitude no doubt materially aided in the maintenance of its good will. Such would be the effect on any paper published in that or another city, although in a different degree. But the act was a contribution by a corporation. Congress did not authorize a corporation to deduct charitable contributions. The taxpayer advertised it as a donation laying claim, by its act, to a response of a generous impulse; giving until it hurts, by example, in order that its precept might be effective. There was no suggestion of a reward desired or anticipated. Certainly the expenditure was not an ordinary and necessary expense, although it may have had an advertising value. Eitingon-Schild Co., 21 B. T. A. 1163.

The decision of the Board of Tax Appeals is reversed.

Reversed.