## GUARANTY TRUST CO. OF NEW YORK v. COMMISSIONER OF INTERNAL REVENUE.

### No. 420.

Circuit Court of Appeals, Second Circuit.
Aug. 13, 1935.

Davis, Polk, Wardwell, Gardiner & Reed, of New York City, for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., for respondent.

Before MANTON, SWAN, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The petitioner is the executor of the American will of James Benson Kennedy who was a citizen of the United States domiciled in New York when he died in England on February 24, 1931, during a temporary visit there. He left tangible and intangible personal property both in England and in the United States. He left an American will which disposed of his property in the United States and an English will effective only as to property in England.

His property in England consisted of stocks, bonds, and securities of corporations not American and of governments other than the United States, cash and tangible personal property of the total value of $614,987.30. The executors of his English will paid the English death duties assessed thereon to the amount of $133,588.05. The American estate of the deceased as returned for taxation was increased by the Commissioner by the value of the English estate above given, without any deduction for English death duties paid, and the resulting deficiency assessed is the one before us upon this petition to review.

Section 302 (a) of the Revenue Act of 1926, 26 USCA § 1094 (a), provided that the gross estate of every decedent should consist of all his property wherever situated to the extent of his interest therein at the time of his death. We need not now deal with deductions which are allowable if duly claimed by nonresidents,

for this decedent was a resident of this country as well as an American citizen. Nor need we be concerned with any distinction between real estate and personal property in a foreign country, for decedent owned no English real property. See, however, 31 Opinions of the Attorney General, 287, May 14, 1918, excluding foreign real estate from the scope of the estate tax.

The language of the above statute is extremely broad. It follows that of the Revenue Act of 1916 and subsequent acts were uniform in this respect until a change was made in that of 1934. The regulation applicable, T. R. 70, art. 11, provided in part, following the above-mentioned opinion of the Attorney General, that, where decedent was a resident of this country, the value of all personal property wherever situated should be included in his gross estate. The regulations under previous acts had been to the same effect. See Reg. 37, art. 13, Reg. 63, art. 12, and Reg. 68, art. 11, promulgated respectively under the 1918, 1921, and 1924 acts. This administrative construction of the statute is to be taken as having been approved by Congress when it re-enacted the statute without change in 1921, 1924, and 1926. McCaughn v. Hershey Chocolate Co., 283 U. S. 488, 51 S. Ct. 510, 75 L. Ed. 1183; Brewster v. Gage, 280 U. S. 327, 50 S. Ct. 115, 74 L. Ed. 457; United States v. Dakota-Montana Oil Co., 288 U. S. 459, 53 S. Ct. 435, 77 L. Ed. 893. In view of this we can have no doubt but that Congress intended to include the value of foreign personal property in the tax base just as the language used ordinarily would imply.

The suggestion that the decision in United States v. Goelet, 232 U. S. 293, 34 S. Ct. 431, 58 L. Ed. 610, in which it was held that a tax imposed on foreign built yachts did not apply to a yacht of a citizen permanently domiciled abroad is to the contrary, is too far-fetched for serious consideration. It relates to what Congress intended when it enacted a different statute relating to a different tax. Nor does the possibility, even the present certainty, of double taxation, make the tax in any wise invalid. Burnet v. Chicago Portrait Co., 285 U. S. 1, 52 S. Ct. 275, 76 L. Ed. 587. That is a matter within the discretion of Congress and not a limitation upon its power to tax. See Gibbons v. Ogden, 9 Wheat. 1, 6 L. Ed. 23; Willcuts v. Bunn, 282 U. S. 216, 51 S. Ct. 125, 75 L. Ed. 304, 71 A. L. R. 1260.

The power of Congress to put the value of foreign personal property in the estate tax base seems as plain as its intent to do so. The fact that this personal property was in the possession of the English executor is immaterial, for the tax is imposed upon the transfer, not the property. Reinecke v. Northern Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397. The constitutional limitations upon the power of the states to tax personal property do not apply to the United States. Burnet v. Brooks, 288 U. S. 378, 53 S. Ct. 457, 77 L. Ed. 844, 86 A. L. R. 747; United States v. Bennett, 232 U. S. 299, 34 S. Ct. 433, 58 L. Ed. 612. The United States is equally free to tax the transfer of such property. In Cook v. Tait, 265 U. S. 47, 44 S. Ct. 444, 68 L. Ed. 895, the power of Congress to tax a United States citizen, domiciled outside of this country, upon income from real and personal property located in Mexico, was upheld. Here the decedent received the governmental protection upon which the power to tax may be supported under the foregoing authorities until the moment he died. Of course his death was the event which took place to call the taxing statute into operation, and at that time he no longer needed or could be accorded protection, but the distinction the petitioner would put upon this ground is wholly unreal. The tax may well be supported by the benefit derived up to the instant of death.

The incidental contention that the taxable estate of the decedent should be reduced by the amount of the English death duties paid cannot be sustained. The power to tax the estate made up by including the value of the personal property situated in England is not limited by any requirement to allow deductions from that value. Whether any deductions will be allowed is for the determination of Congress. Section 303 (a) (1) of the 1926 act, 26 USCA § 1095 (a) (1), provided for some deductions from the gross estate of a resident in arriving at the taxable net, but expressly excluded from such deductions "any estate, succession, legacy, or inheritance taxes."

Affirmed.