In the Matter of Alexander Lipshitz, Petitioner, against T & D Wine & Liquors, Inc., et al., Respondents.

Supreme Court, Special Term, New York County, October 15, 1947.

*Milton A. Morrison* for petitioner.

*Alvin McK. Sylvester* and *John Di Leonardo* for State Liquor Authority, respondent.

Hofstadter, J. In this proceeding, instituted by a taxpayer pursuant to section 123 of the Alcoholic Beverage Control Law,

petitioner seeks to enjoin the issuance of a license to sell alcoholic beverages for off-premises consumption upon the ground that the issuance of such a license would contravene subdivision 2 of section 105 of said Law.

The material facts are not in dispute. Presented here is solely a question of the construction of subdivision 2 of section 105 of the Alcoholic Beverage Control Law. Under that section, no premises may be licensed " unless said premises shall be located in a store, the entrance to which shall be from the street level * * * ". Petitioner contends that the license to be issued for off-premises consumption at 357 East 50th Street, New York City, would be illegal because the entrance to those premises is not " from the street level ". Photographs are submitted with the papers showing that the entrance to the premises is two steps below the sidewalk level. However, the premises are on the ground floor of the building.

In construing subdivision 2 of section 105, the purpose of the enactment must not be overlooked. Like subdivision 10 of section 105 (pars. [b], [c]) of the Alcoholic Beverage Control Law, which deals with prohibiting the use of screens, curtains and blinds upon the windows or upon the doors of licensed premises so as to prevent a clear view of the interior from the sidewalk, the requirement of an entrance " from the street level " was to insure visibility from the street. To hold that the floor of any store must be on the level with the street would be a narrow interpretation of the statute, wholly unwarranted by the spirit or intent of the enactment. Plainly, the underlying purpose of the statute was to assure proper visibility into licensed premises so that all of the activity in the conduct of the business would be open and apparent to the general public and to enforcement officials.

Many stores are located either a few steps above or below a sidewalk level. A rational interpretation of the statute should not exclude the availability of such stores as licensed premises. It is for the administrative body, the State Liquor Authority, to determine whether the entrance is not too far above or below the street level so as to violate the statute.

It appears that the State Liquor Authority has licensed many premises, the entrances to which were either a few steps above or below the actual street level. While violation of a statute cannot be excused because of past violations, where a statutory provision is broad or its interpretation is doubtful, the practical construction given a provision by officials charged with its administration should receive great weight when a judicial

interpretation is sought. (*McCaughn* v. *Hershey Chocolate Co.*, 283 U. S. 488; *National Lead Co.* v. *United States*, 252 U. S. 140; *Matter of Mounting & Finishing Co.* v. *McGoldrick*, 294 N. Y. 104; *Matter of Kolb* v. *Holling*, 285 N. Y. 104.)

I do not construe subdivision 2 of section 105 as requiring that the entrance to the premises must be at actual street level. All that is necessary is that the entrance be from the street and that it be sufficiently near the street level to afford adequate visibility into the interior. The exact limits must be left to the State Liquor Authority to determine in each case. In the instant case, their decision was justified by the facts, and; in accordance with subdivision 2 of section 105 of the Alcoholic Beverage Control Law. Accordingly, the application for an injunction is denied, and the petition is dismissed. Settle order.