PIZZUTO, J.T.C.
Plaintiff taxpayer contests the denial of a Corporation Business Tax (“CBT”) refund claim as untimely. The parties have stipulated the material facts concerning the question of timeliness, and defendant Director seeks summary judgment sustaining the denial.
On March 28, 1988, taxpayer filed its CBT return for the year ended May 31, 1987 (“1986” return). This return had been due originally on September 15, 1987, and an extension of time to file to March 15, 1988 had been approved by the Division of Taxation (“Division”). The return was accompanied by payment of $30,615, reflecting a tax liability of $32,348 less credits for previous payments of $4,013 plus interest on underpayment of estimated tax. Because the return was not filed within the approved extension period, late filing and late payment penalties, in accordance with N.J.S.A. 54:49-4, were also due. The portion of the return calling for calculation of these penalties together with interest from the *557 original due date was left blank, and no payment of these items was made at the time the return was filed.
In response to a title company request in apparent connection with a transfer of real property by taxpayer, the Division issued a Certificate of Corporation Franchise Tax Lien, dated October 17, 1988. The certificate recited penalty and interest in the amount of $9,576.83 due from taxpayer with respect to the tax obligation reported in its 1986 CBT return. By letter received in the Division on February 17,1989, plaintiff requested that the penalty and interest charges be satisfied from the refund taxpayer had claimed on its CBT return for the year ended May 31, 1988 (“1987” return). Pursuant to N.J.S.A. 54:49-11, the Division allowed an abatement of penalties to 5% for late payment and an abatement of interest to the minimum rate required by statute. An amount of $3,315.19 was then applied from taxpayer’s 1987 CBT overpayment to the 1986 penalty and interest charges, which were thereby satisfied in full.
On September 5, 1990, taxpayer filed an amended 1986 CBT return, including the refund claim now at issue. The claim was stated in the amount of $26,809 and was based upon revision of the 1986 reported figures for closing inventory and cost of goods sold. The Division’s final determination, denying the refund claim as untimely, was issued on October 23, 1991, whereupon plaintiff filed the instant action.
The Division defends the denial of the refund claim on the basis that it was filed more than two years after taxpayer’s 1986 CBT payment was made and that it was therefore untimely under the then effective provisions of N.J.S.A. 54:49-14 and N.J.AC. 18:7-13.8.[1] Taxpayer contends that the period specified by the cited statute and regulation runs, in this case, from the time of its February 1989 payment of penalty and interest, rather than from the payment of the tax upon the filing of the 1986 CBT return in *558 March 1988. The Division has not addressed the substance of the refund claim and does not concede the accuracy of the revised inventory figures or the calculations based on the revised figures. The parties agree that only the issue of timeliness is before the Court, and that the Division will examine the particulars of the claim, if it is found timely. Accordingly, although a formal motion has not been filed, the parties recognize that the Division seeks summary judgment. For the reasons explained below, summary judgment shall be entered in favor of defendant.
This case turns on the distinction between a payment based on a taxpayer’s own calculations, to which the refund claim period established by N.J.S.A 54:49-14 applies, and a payment to satisfy an assessment or other determination made by the Division, to which the refund statute does not apply. The distinction was clearly recognized in Vicoa, Inc. v. Director, Div. of Taxation, 166 N.J.Super. 496, 400 A.2d 105 (App.Div.1979). In that case, the corporate taxpayer had paid a CBT assessment made against it by the Director and contested the Director’s denial of a refund claim filed within two years of the payment. The Appellate Division found that the limitation period established in the State Tax Uniform Procedure Law at N.J.S.A. 54:49-14 is applicable to CBT refund claims only insofar as the claims relate to payments based on the taxpayer’s own calculations. Where, as was the case in Vicoa, the payment is made after a determination of the Director/ the CBT statute limits further proceedings with respect to the payment to review in the Tax Court, which must be sought within ninety days of the determination. N.J.S.A. 54:10A-19.2. After the Director has made a determination, the taxpayer does not have the option to pay the assessment and claim a refund at any time within two years. See also Peoples Express Co. v. Director, Div. of Taxation, 10 N.J.Tax 417, 431-434 (Tax 1989).
The rule has been codified at N.J.A.C. 18:7-13.8(g), which provides:
(g) Where the Director assesses additional tax by way of a deficiency assessment or final determination and the taxpayer pays the deficiency, the taxpayer may not convert an assessment proceeding into a refund action by filing a refund claim within two years of the date of the payment of the deficiency assessment or final *559 determination. In such case, taxpayer’s remedy is to contest the assessment in a timely fashion by filing a complaint with the Tax Court within 90 days of the action of the Director to be reviewed. This is in accordance with N.J.S.A 54:10A-19.2, N.J.S.A 54:51A-14a and R. 8:4-l(b).
Vicoa concerned a claim for refund of the amount paid to satisfy the Director’s assessment. In Bristol-Myers Co. v. Director, Div. of Taxation, 3 N.J.Tax 451 (Tax 1981), aff'd o.b. 9 N.J. Tax 88 (App.Div.1986), certif. den. 107 N.J. 121, 526 A.2d 189 (1987), taxpayer had paid a CBT assessment made by the Director for given periods. It later sought by a refund claim filed within two years of that payment to recover amounts with respect to the assessment periods which were not part of the assessment and which had been paid more than two years before the making of the refund claim. The Tax Court noted the distinction made in Vicoa between a taxpayer’s calculation of its liability and the Division’s determination. It held that, just as the satisfaction of an assessment does not constitute a payment to which the refund claim period of N.J.S.A 54:49-14 applies, the payment does not affect the claim period otherwise established under N.J.S.A. 54:49-14 for matters outside the assessment.
Taxpayer is essentially in the same situation presented in Bristol-Myers. It seeks to measure the refund claim period from the payment of the obligation recited in the certificate of tax lien, while the refund actually claimed relates to a separate payment, made more than two years before the presentation of the claim. Plaintiff, however, resists the characterization of its February 1989 payment as the satisfaction of an assessment or determination of the Director because, it contends, the Director did not give notice of a deficiency assessment or final determination with respect to the 1986 penalty and interest charges earlier than the issuance of the Certificate of Corporation Franchise Tax Lien on October 17, 1988. The parties have made no stipulation with regard to the question of prior notice, but a distinction on this basis is, in any event, without substance. This case does not concern the procedural regularity of a corporate franchise tax lien or the question of the taxpayer’s entitlement to notice prior to the issuance of the certificate. Neither does this case concern asser *560 tion of otherwise time-barred claims under the doctrine of equitable recoupment to offset new assessments relating to the same period. See Pantasote; Inc. v. Director, Div. of Taxation, 8 N.J. Tax 160 (Tax 1985).
Taxpayer had the opportunity to assert any defenses it might have raised to the penalty and interest charges by appeal to the Tax Court taken within ninety days of actual notice. N.J.S.A 54:51A-14. Upon provision of adequate security, its property could have been released from the lien during the pendency of the appeal. N.J.S.A. 54-.10A-30; N.J.S.A 54:51A-15. After the Director’s abatement, however, it chose to satisfy, rather than contest, the charges. The period for amendment of its 1986 return remained unaffected.
It is clearly established that the satisfaction of a tax obligation upon final determination by the Division is not a payment to which the refund claim period established by N.J.S.A 54:49-14 applies. A taxpayer is permitted to recognize and correct errors in its own calculations in the relatively long period allowed for refund claims. On the other hand, once a taxpayer has notice of a determination made by the Director, it is reasonable to require the taxpayer to acknowledge or contest the determination within a relatively short period. See Vicoa, supra, 166 N.J.Super. at 502-503, 400 A 2d 105. It is of no consequence that the Director’s determination in this case was the communication, by Certificate of Lien, of unpaid penalty and interest charges, rather than a formal deficiency assessment following audit. In either circumstance, the taxpayer does not require an extended period to correct its own calculations and therefore is not permitted resort to the refund claim procedure of N.J.S.A 54:49-14.
The Division, moreover, does not contend that the taxpayer’s payment of the penalty and interest charges in February 1989 cut short the two year period allowed by N.J.S.A 54:49-14 to amend its 1986 CBT return filed on March 28, 1988. That period ran, it would appear, through March 28,1990, more than a year following the payment of the penalty and interest charges. The amended return and refund claim was, however, not filed until September 5, *561 1990, and taxpayer seeks to extend the refund period through the two years following payment of penalty and interest. This contention entails the incongruous result that taxpayers who fail to include penalty and interest (required to be self-assessed) with their returns have a longer period within which to amend those returns and claim refunds than taxpayers who paid all tax and any applicable penalty and interest at the time of filing.
The taxpayer’s claim in this action is foreclosed by the clear authority of Vicoa, Bristol-Myers, and N.J.AC. 18:7-13.8(g). Its arguments to the contrary and the authorities asserted to support them are unpersuasive. Taxpayer points to the provision of the State Tax Uniform Procedure Law (N.J.S.A. 54:49-10) making penalties and interest “payable to and recoverable by the Director in the same manner as if they were a part of the tax imposed.” It contends that the refund period specified in N.J.S.A 54:49-14 does not begin to run until the tax obligation, including all interest and penalty, has been fully satisfied. The incongruity of that result has already been noted, and a statutory provision (N.J.S.A 54:49-10) intended to facilitate collection of penalty and interest cannot reasonably be found to support it.
Taxpayer also relies upon a series of decisions concerning federal estate tax refund claims. Hills v. United States, 55 F.2d 1001 (Ct.Cl.1932); United States v. Clarke, 69 F.2d 748 (3rd Cir.), cert. denied, 293 U.S. 564, 55 S.Ct. 75, 79 L.Ed. 664 (1934); Union Trust Co. of Rochester v. United States, 5 F.Supp. 259 (W.D.N.Y. 1933), aff'd, 70 F.2d 629 (2d Cir.), cert. denied, 293 U.S. 564, 55 S.Ct. 99, 79 L.Ed. 664 (1934). It is evident that these decisions (finding refund claims timely as to the entire amount of the tax paid and not merely as to the portion paid within the applicable limitation period) deal with the specific terms of the federal estate tax refund statute as of a given date and its legislative history up to that date. They are of little assistance in any other context. Taxpayer cites United States v. Swift, 282 U.S. 468, 51 S.Ct. 202, 75 L.Ed. 464 (1931) to illustrate the running of a refund claim period from the credit of an overpayment in satisfaction of a distinct obligation. The source of the payment, however, is not *562 material here, and the dispositive issue in this case is not whether a refund claim for an amount paid in portions is timely as to the entire amount under N.J.S.A. 54:49-14 when only some of the portions have been paid within two years. The dispositive point is that N.J.S.A. 54:49-14 has no application to the satisfaction of the outstanding penalty and interest charges on February 17, 1989. The refund claim was properly denied because the obligation satisfied is appropriately considered a deficiency assessment or final determination under N.J.AC. 18:7-13.8(g).
Finally, taxpayer advances a number of decisions which it characterizes as embodying a principle that neither taxpayer nor taxing authority may benefit from administrative mistakes or failure to disclose. Rosenman v. United States, 323 U.S. 658, 65 S.Ct. 536, 89 L.Ed. 535 (1945) is another federal estate tax case in which the Supreme Court held that the refund claim period began to run when an amount paid on account of taxes and held in a suspense account was actually applied to a tax rather then when the payment on account was first made. Ewing v. United States, 914 F.2d 499 (4th Cir.1990), cert. denied, 500 U.S. 905, 111 S.Ct. 1683, 114 L.Ed.2d 78 (1991), holds that the failure of the Internal Revenue Service to make a formal assessment against taxpayers of amounts paid under closing agreements to settle disputed deficiencies did not entitle taxpayers to recover the settlement payments. In addition, taxpayer cites an unreported decision of the Tax Court in which a corporation was allowed to recover a CBT overpayment apparent on the face of its return, but not claimed within the two year period of N.J.S.A. 54:49-14. These cases do not appear apposite. As explained above, the taxpayer cannot claim an advantage from its own failure to self-assess and pay penalty and interest when it filed its return, and it did not suffer prejudice from the absence of prior notice of the Division’s lien for these items.
Summary judgment shall be entered in favor of defendant.

A subsequent amendment of NJ.S.A. 54:49-14, effected by L. 1992, c. 175 (the Taxpayers’ Bill of Rights), extended the refund claim period from two years to four years.