166 N.J. Super. 496 (1979)
400 A.2d 105
VICOA, INC., PETITIONER-APPELLANT,
v.
DIRECTOR, DIVISION OF TAXATION, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 27, 1979.
Decided March 16, 1979.
*498 Before Judges LYNCH, CRANE and HORN.
Messrs. Starr, Weinberg and Fradkin, attorneys for appellant (Mr. Edwin N. Gross on the brief).
Mr. John J. Degnan, Attorney General, attorney for respondent (Ms. Erminie L. Conley, Assistant Attorney General, of counsel; Mr. Harry Haushalter, Deputy Attorney General, on the brief).
PER CURIAM.
The question raised in this appeal is which statute (or statutes, as claimed by appellant in this case) limits the time for appealing final tax assessments to the Division of Tax Appeals under the Corporation Business Tax Act (1945), N.J.S.A. 54:10A-1 et seq.
The operative facts are not in dispute. The answer to the question posed above is found in the interpretation of the applicable statutes governing appeals of tax assessments under said act.
Appellant Vicoa, Inc. is a New Jersey corporation engaged in the manufacture of wall covering and other laminated materials. On November 22, 1976 respondent Director, Division of Taxation (Director), assessed appellant's estimated taxes under said act for the tax years ending April 20, 1972; April 20, 1973; April 20, 1974 and April 20, 1975. Following the receipt of further data from appellant, the Director, by letter dated December 27, 1976, reduced the previously assessed estimated taxes.
*499 Appellant protested the assessment and an informal hearing was held on July 1, 1977. As a result of the hearing the Director further reduced the assessment and issued a final determination, dated July 20, 1977, imposing the liability of $7,275.09 for corporate business taxes for appellant's 1971 to 1974 tax years[1]. According to appellant, discussions were held with representatives of the Division of Taxation, who abated one-half of the interest assessed, and payment of the agreed sum of $6,136.65 was made on August 2, 1977[2].
On September 14, 1977 appellant filed with the Division of Taxation separate claims for refunds for the taxes assessed for the years 1971 to 1974. On September 30, 1977 the Division of Taxation informed appellant of the rejection of appellant's claims for refund. That letter stated:
The Refund Branch adheres to the decision rendered on July 20, 1977 by the Conference Section and refers the taxpayer to R.S. 54:10A 19.2 which is the next avenue of appeal after the hearing of July 5, 1977.
On October 27, 1977 appellant filed a petition of appeal with the Division of Tax Appeals (hereinafter Division). That petition was filed more than three months after the July 20, 1977 assessment determination, but less than three months after the September 30, 1977 rejection of the refund claim. On November 17, 1977 the Division returned the petition to appellant because it was not timely filed. Appellant attempted to resubmit the petition on December 5, 1977 but it was again rejected. On December 27, 1977 appellant again resubmitted the petition in conjunction with two *500 motions seeking a ruling that the petition was timely filed in accordance with the two-year statute of limitation of N.J.S.A. 54:49-14.
Oral argument on the motions was heard before Division Judge Lario on January 12, 1978. On March 2, 1978 Judge Lario filed his recommended findings and conclusions, rejecting appellant's petition. Thereafter the Division rendered a panel report, dated May 4, 1978, which adopted Judge Lario's recommended findings of fact and conclusions of law. On July 6, 1978 a final judgment reflecting the panel report was entered in the Division, following and from which appellant on August 11, 1978 initiated the instant appeal.
The essence of the opinion rendered by Judge Lario and adopted by the Division panel is that the governing statute which limited appellant's time to appeal to the Division from the final assessment is N.J.S.A. 54:10A-19.2(a), which, as stated by him, provides:
* * * for an appeal to be filed with [the] Division within 3 months after any "decision, order, finding, assessment or action" of the Director made pursuant to the provisions thereof. Admittedly, the Petitioner failed to perfect his appeal within the 3 month period required therein.
Appellant claims before us, as it did before the Division, that an aggrieved taxpayer has an alternate procedural route if he is dissatisfied with a final tax assessment. The State Tax Uniform Procedure Law, N.J.S.A. 54:48-1 et seq., provides:
Any taxpayer, at any time within two years after the payment of any original or additional tax assessed against him, unless a shorter limit is fixed by the law imposing the tax, may file with the commissioner a claim under oath for refund, in such form as the commissioner may prescribe, stating the grounds therefor, but no claim for refund shall be required or permitted to be filed with respect to a tax paid, after protest has been filed with the commissioner or after proceedings on appeal have been commenced as provided in this subtitle until such protest or appeal has been finally determined. [N.J.S.A. 54:49-14; emphasis supplied]
*501 Appellant claims that a fair reading of the two above-quoted statutory provisions would give the taxpayer two options after the Director has made a corporate business tax determination: (1) not pay the tax and file a petition of appeal within 90 days, or (2) pay the tax, file a claim for refund, and then, if the claim for refund is rejected by the Director, file a petition of appeal within 90 days of the refund rejection.
Appellant contends that the language "unless a shorter limit is fixed by the law imposing the tax" in the refund statute means that a two-year limit for filing a refund can only be overridden if a specific tax law delineates a shorter refund period (e.g., one-year period for a refund claim on the alcoholic beverage tax). Since the corporation business tax does not provide for a shorter period for submitting a claim for refund, appellant argues, there is no reason to deprive appellant of the alternate tax relief remedy.
In addition, appellant contends, the corporation business tax sections do not provide that N.J.S.A. 54:10A-19.2(a) is a petitioner's sole choice. Appellant contrasts that gap with the provision of the Sales and Use Tax Act N.J.S.A. 54:32B-21(b), which specifically limits a taxpayer's right to appeal to the three-month limitation prescribed by N.J.S.A. 54:32B-21(a). Thus, appellant argues that the absence of a similar provision in the Corporation Business Tax Act evinces a legislative intent not to make the appeal procedure of N.J.S.A. 54:10A-19.2(a) the taxpayer's exclusive remedy. We disagree with appellant's ratiocination as related.
General principles of statutory construction suggest that the later-enacted appeal procedure outlined in N.J.S.A. 54:10A-19.2(a) (L. 1947, c. 50) should prevail over the more general refund procedure found in N.J.S.A. 54:49-14 (L. 1936, c. 263). The problem of construing two seemingly contradictory tax-procedure statutes was addressed by the court in Hackensack Water Co. v. Tax Appeals Division, 2 N.J. 157 (1949). The court had to decide whether a municipality *502 could appeal an assessment under the Local Property Tax Law directly to the Division (as provided for in N.J.S.A. 54:2-35), notwithstanding the existence of a more specific procedure (N.J.S.A. 54:3-21 and 2-39) requiring that assessments be appealed initially to the county board and then to the Division. The court held that the more specific provision should apply. "Where there is any conflict between a general and specific statute covering a subject in a more minute and definite way the latter will prevail over the former and will be considered an exception to the general statute." 2 N.J. at 165.
The general refund provision of N.J.S.A. 54:49-14 must be construed in conjunction with the three-month limitation provision of N.J.S.A. 54:10A-19.2(a). "Statutes in pari materia, that is, those which relate to the same matter or subject, although some may be special and some general, are to be construed together as a unitary and harmonious whole, in order that each may be fully effective." Clifton v. Passaic Cty. Bd. of Taxation, 28 N.J. 411, 421 (1958); Dvorkin v. Dover Tp., 29 N.J. 303, 316 (1959). "The reconciliation of apparently conflicting statutes, judged by the letter alone, to conform to the spirit of the legislation as a whole is a common exercise of the judicial interpretive function." Turon v. J. & L. Construction Co., 8 N.J. 543, 557 (1952).
We agree with the Director that reconciliation of the two statutory provisions requires that the refund provision should only apply in those cases in which the Director has not made a determination. This is a logical view and is consistent with the statutory scheme and in line with judicial interpretations of the three-month appeal provision of N.J.S.A. 54:10A-19.2(a). See Clairol, Inc. v. Kingsley, 109 N.J. Super. 22, 25 (1970), aff'd 57 N.J. 199 (1970).
It is reasonable that a corporation which pays taxes on the basis of its own calculations should have a longer interval within which to discover an error and to claim a refund. On the other hand, it is just as reasonable to require a corporation *503 which desires to contest a determination of the Director to have a comparatively shorter interval within which to do so. To interpret the statutes as appellant argues for all practical purposes would convert the three-month period under N.J.S.A. 54:10A-19.2(a) into a much greater period in any case where the corporate taxpayer wants to extend the time. This would result in the former statute's being practically a nullity  a result which should not be tolerated.
Nor do we perceive any equitable reason for favoring appellant in view of the stated facts. The July 20, 1977 assessment letter directed appellant to N.J.S.A. 54:10A-19.2 as a further avenue of appeal. And, significantly, the letter of September 30, 1977 rejecting appellant's proposed claims for refund specifically referred to N.J.S.A. 54:10A-19.2 as appellant's "next avenue of appeal after the hearing of July 5, 1977." Even after receipt of the September 30 letter, appellant had time to file an appeal with the Division before the three-month time limitation had expired. Accordingly, we hold that the Division did not err in rejecting the appeal as untimely. We answer the question posed at the commencement of this opinion  the governing statute regulating the time to appeal from a final assessment of the tax to the Division is N.J.S.A. 54:10A-19.2(a).
Appellant also contends that the Division violated the provisions of N.J.S.A. 10:4-6 et seq., the Open Public Meetings Act, because the Division failed to observe N.J.S.A. 10:4-7, which declares the "right of the public to be present at all meetings of public bodies, and to witness in full detail all phases of the deliberation, policy formulation, and decision making of public bodies * * *." We need not decide in this case whether the Act is applicable to the deliberative proceedings of a quasi-judicial body of tax appeal judges. Every analogy to the role of such judges to judges of this Court would militate against a finding that the Legislature so intended. We are satisfied that even if the provisions of the Open Public Meetings Act were applicable it would not result in a reversal of the division judgment. First, *504 appellants may be said to have furthered any violation of said statute by participating at all stages without protest until learning of the adverse decision. Second, the proceedings conducted by the Division were in strict compliance with the Administrative Procedure Act, N.J.S.A. 52:14B-1 et seq., and provided appellant with every opportunity to fully litigate its case. Thus, appellant was permitted to file its moving papers, submit supporting documentation and briefs, argue its position in open court in the presence of a court reporter and present written exceptions to Judge Lario's recommended findings and conclusions. The Division also allowed appellant's attorney to attend the panel discussion at which Judge Lario's proposed findings were adopted. Appellant was, therefore, afforded every conceivable opportunity to argue its case before the Division. Third, the decision of the Division was based on an interpretation of law with which we concur, and not a finding of fact. Even if there was a violation of the Open Public Meetings Act, it would not change the result. Accordingly, we find appellant's argument on the point also devoid of merit.
The judgment under appeal is therefore affirmed.
NOTES
[1] The letter stated: "This is our final determination * * *. Your appeal time begins to run again as of this date."
[2] The Director states that appellant paid the assessed taxes on August 12, 1977, but this discrepancy is not significant insofar as the issue in this case is concerned.