ANDREW, J.T.C.
This is a state tax case in which plaintiff, Peoples Express Company, Inc., challenges the denial of five tax refund claims by defendant, Director, Division of Taxation (Director), for taxes assessed under the New Jersey Corporation Business Tax Act, N.J.S.A. 54:10A-1 et seq. and the State Tax Uniform Procedure Law, N.J.S.A. 54:48-1 et seq., for the tax years of 1978 through 1982 inclusive. Defendant maintains that plaintiffs tax refund claims should be dismissed because they were not timely filed within the 30-day period to protest the Director’s estimated tax assessment, N.J.S.A. 54:49-18, nor within the 90-day statutory deadline for appeal to the Tax Court, N.J.S.A. 54:10A-19.2. See also N.J.S.A. 54:51A-14a, 2A:3A-4.-1b(2); R. 8:4-1(b).
The facts giving rise to the present proceedings are not disputed by the parties. Plaintiff filed timely New Jersey corporation business tax (CBT) returns for each of the five tax years from 1978 to 1982 and paid the CBT according to the computations on its returns. In the early part of 1984, while the Division of Taxation was conducting an office audit of plaintiff’s CBT returns for the tax years of 1978 through 1982, it determined that additional information was necessary to complete the audit. By letter dated January 18, 1984 the Division requested that supplemental information from plaintiff with the additional request that the information be supplied within 30 days. The Director points out that some of the requested information related to either schedules that were missing from the filed tax returns or information needed to complete schedules that had been submitted with the tax returns.
On April 19, 1984, due to plaintiff’s failure to respond to the Director’s request, an estimated tax assessment, referred to as an arbitrary assessment, pursuant to N.J.S.A. 54:49-5, was made by the Division. The Director’s assessment letter of the same date notified plaintiff that an additional tax of $25,000 or $5,000 for each of the five tax years (1978 to 1982) was being *420 imposed. The estimated-tax-assessment letter also informed plaintiff that the assessment was levied because plaintiff had failed to provide the information requested by the Director and that the “estimated tax liability may be reviewed and redetermined” if plaintiff submitted “forthwith” the requested information. Additionally, the letter included a demand for payment within 15 days from the date of that notice.
Again, not hearing, or receiving a response, from plaintiff, the Division by letter dated July 6, 1984 demanded payment of the additional estimated tax of $25,000, a penalty in the amount of $1,250 and interest of $14,625 or a total of $40,875.
Plaintiff did not provide the original requested information, nor did it protest the additional estimated tax, penalty or interest, nor did it challenge the assessment in the Tax Court by filing a complaint within 90 days of the assessment. Instead, plaintiff submitted a check dated July 18, 1984 for the full amount of $40,875 which was received by the Division on July 24, 1984. Approximately I8V2 months later, on February 11, 1986, plaintiff filed five refund claims for the tax years of 1978 to 1982.
Thereafter, by letter dated April 22, 1987 (approximately three years and three months after the Division’s initial request of January 18, 1984), plaintiff provided the additional information requested by the Division. Based on this additional information the Division completed its audit. On February 26, 1988, the Division issued a notice of assessment which indicated that plaintiff’s additional tax liability for all of the tax years was only $1,724 (additional tax of $1,117, a penalty of $56 and interest of $551) instead of the original estimated tax deficiency of $25,000, penalty of $1,250 and interest of $14,625 (total of $40,875).
The Division applied the additional deficiency of $1,724 to the previously determined amount of $40,875, which had been paid by plaintiff, leaving a balance that would ordinarily have been due plaintiff of $89,151. Plaintiff was advised, however, that the balance of $39,151 could not be refunded because plaintiff *421 failed to either timely protest the Director’s estimated tax assessment of April 19, 1984 or timely appeal to the Tax Court from that assessment. Plaintiff did not file a protest with the Division of Taxation regarding the February 26, 1988 notice of assessment. Instead, plaintiff, on April 14, 1988, filed its complaint with the Tax Court demanding a refund of the tax overpayment of $39,151.
The Director now moves for a dismissal of plaintiff’s complaint on the basis that plaintiff failed to timely challenge his estimated tax assessment of April 19,1984. On the other hand, noting that there are no disputed facts, plaintiff moves for summary judgment with respect to its claim for a tax refund of $39,151.
In support of its contention that it has timely filed a complaint in this court, plaintiff contends that the Director’s April 19, 1984 estimated tax assessment was not a “final determination” which triggers the operation of the appropriate statute of limitations. Plaintiff also maintains that the Director’s use of the arbitrary assessment procedure outlined in N.J.S.A. 54:49-5 was improper, and thus, the arbitrary assessment cannot be viewed as a final determination appealable to the Tax Court. Additionally, plaintiff argues that an estimated tax assessment made pursuant to N.J.S.A. 54:49-5 must be made in “good faith” and cannot be based on “fancy or conjecture,” and therefore, because “the assessment in fact exceeded the actual additional liability by over 2000%” the assessment was improper, and again, cannot be viewed as a judicially reviewable final determination. Plaintiff further contends that its claims for refund were timely filed inasmuch as they were submitted to the Director within two years of its payment of the tax pursuant to N.J.S.A. 54:49-14. Lastly, plaintiff argues that it would be “manifestly inequitable” to grant the Director’s motion to dismiss and allow the Division of Taxation “to retain amounts well in excess of the actual final audit adjustments.”
Defendant responds to plaintiff’s contentions by 'asserting that the Director properly rejected plaintiff’s tax refund re *422 quest because it was clearly out of time under the 30-day protest period allowable under N.J.S.A. 54:49-18 and the 90-day appeal period to the Tax Court, N.J.S.A. 54:10A-19.2. See also N.J.S.A. 54:51A-14a, 2A:3A-4.1b(2); R. 8:4-l(b). Moreover, the Director claims that a longstanding legislative and judicial policy of strict application of statutes of limitation in administrative hearings and judicial proceedings requires dismissal of plaintiffs complaint. Additionally, the Director maintains that there are no equitable considerations that warrant tolling the applicable statutory limitation periods.
I.
Plaintiffs first three arguments focus on the question of whether the Director’s April 19, 1984 estimated tax assessment pursuant to N.J.S.A. 54:49-5 was a “final determination” because, according to plaintiff, only final determinations trigger the operation of the applicable statutes of limitation. A review of a number of the statutes governing tax procedure set forth in the State Tax Uniform Procedure Law, N.J.S.A. 54:48-1 et seq., would be of assistance to an understanding of the dispute in this regard, inasmuch as the uniform procedure law ordinarily controls the statutory deadlines of CBT refunds absent some inconsistency in the CBT tax act itself. See N.J.S.A. 54:10A-23.
N.J.S.A. 54:49-5 provides that:
If any taxpayer shall fail to make any report as required by any state tax law, the [Director] may make an estimate of the taxable liability of such taxpayer, from any information he may obtain,'and according to such estimate so made by him, assess the taxes, fees, penalties and interest due the state from such taxpayer, give notice of such assessment to the taxpayer, and make demand upon him for payment. [Emphasis supplied]
Next, N.J.S.A. 54:49-18 provides, in pertinent part, that:
If any taxpayer shall be aggrieved by any finding or assessment of the [Director], he may, within SO days o/the giving of the notice of assessment or finding, file a protest ... and may request a hearing. Thereafter the pi-rector] shall grant a hearing to the taxpayer, if the same shall be requested. He may make an order confirming, modifying or vacating any such finding or assessment____ The time for appeal or review shall not be extended by the filing of any protest unless a hearing is. requested, and the time to appeal *423 shall then be extended only for the period between the filing of the protest and the final determination thereon by the [Director], [Emphasis supplied]
The statutory limitation in the CBT act which governs appeals to the Tax Court is found in N.J.S.A. 54:10A-19.2 and provides that:
Any aggrieved taxpayer may, within 90 days after any action of the director made pursuant to the provisions of this act, appeal therefrom to the tax court in accordance with the provisions of the State Tax Uniform Procedure Law, [A1./.N.A.] 54:48-1 et seq.
Thus, a fair reading of these statutes reveals that when the Director issues an estimated tax assessment pursuant to N.J. S.A. 54:49-5, or any notice of assessment for that matter, see N.J.S.A. 54:49-6,[1] it is nothing more than a preliminary or proposed assessment at that point. This is so because N.J.S.A. 54:49-18 gives an aggrieved taxpayer the right to protest the Director’s “finding or assessment” and be afforded a hearing provided that right is exercised within 30 days. If the taxpayer requests a hearing, the Director must grant it, after which he may make a determination “confirming, modifying or vacating” the preliminary or proposed “finding or assessment.” See N.J.S.A. 54:49-18. That subsequent determination constitutes the Director’s “final determination.” Ibid.
If, however, a taxpayer does not file a protest and request a hearing within the requisite 30-day period, the original preliminary or proposed assessment assumes the role of a final assessment without the necessity of any additional action by the Director. Ibid. The last sentence in N.J.S.A 54:49-18 makes this perfectly clear. “The time for appeal or review [of the Director’s initial or proposed assessment] shall not be extended *424 by the filing of any protest unless a hearing is requested____” Ibid. Thus, the appeal period from the Director’s assessment begins at the time the assessment was originally issued if there is no request for a hearing.
Additionally, common sense supports this conclusion. In a case in which a taxpayer does not protest the Director’s initial assessment nor requests a hearing within 30 days in accordance with N.J.S.A. 54:49-18 the initial assessment must become a final determination at the expiration of the stated period, otherwise a taxpayer could control the time-frame within which an appeal would be appropriate. This would bé counterproductive to the essential legislative purpose in the enactment of any statute of limitations.
A.
As previously indicated, plaintiff contends that the Director’s estimated tax assessment of April 19, 1984 was not a “final determination” and that the only “final determination” that the Director issued in this case was the February 26, 1988 notice of assessment which reflected that plaintiff’s total tax liability was only $l,724.[2] Plaintiff maintains that its complaint was filed within 90 days of that final determination, and therefore, its refund claims must be honored because, contrary to the Director’s claim, plaintiff’s complaint was timely. I am not persuaded by plaintiff’s argument.
Plaintiff refers to the Appellate Division decision in Vicoa, Inc. v. Director, Division of Taxation, 166 N.J.Super. 496, 400 A.2d 105 (App.Div.1979), a case also relied upon by the Director, as support for plaintiff’s position that the Director’s estimated tax assessment was not a final determination. In Vicoa the Director initially issued an estimated or arbitrary tax *425 assessment on November 22, 1976. After the taxpayer provided the data requested, the Director then reduced the previously assessed estimated taxes by letter dated December 27, 1976. Id. at 498, 400 A 2d 105. The taxpayer then protested the reduced assessment and requested a hearing. After the hearing the Director further reduced the assessment and issued a final determination letter dated July 20, 1977. That letter stated: “This is our final determination ... your appeal time begins to run again as of this date.” Id. at 499, 400 A 2d 105.
Plaintiff argues that the final determination in Vicoa which triggered the 90-day statute of limitations was the Director’s July 20, 1977 letter which clearly and unambiguously stated it was a final determination, and not the previous arbitrary assessment that had been issued on November 22, 1976. Plaintiff, therefore, maintains that, in the present case, the Director’s arbitrary assessment was not a final determination which started the running of the limitation period. Instead, plaintiff contends that the only final determination made by the Director in this case was his February 26, 1988 notice of assessment.
While plaintiff’s recitation of the facts in Vicoa is accurate, the conclusions it draws are incorrect because it misunderstands the operation of the state tax procedure law as previously explained. The essential difference between the present case and the factual context in Vicoa is that in Vicoa the taxpayer protested the Director’s notice of assessment and requested a hearing pursuant to N.J.S.A. 54:49-18. As a result, the Director was statutorily required to grant a hearing and then issue a final determination. N.J.S.A. 54:49-18. Here, however, plaintiff did not protest the estimated tax assessment, nor request a hearing, within the 30-day period, nor did it appeal that preliminary assessment to the Tax Court within the 90-day limitations period. N.J.S.A. 54:49-18; N.J.S.A. 54:10A-19.2.
Therefore, as previously explained, the Director’s arbitrary assessment became a final determination after the 30-day protest period had passed without the necessity of any further *426 action by the Director. Plaintiff complains that this is unfair because the Director’s estimated tax assessment did not properly advise plaintiff of its statutory appeal rights. In Vicoa, plaintiff notes, the Director’s final determination clearly stated that it was a final determination and that the taxpayer’s appeal period was running while, in the present case, there was nothing in the Director’s arbitrary assessment to put plaintiff on notice that the statute of limitations was triggered by that notice of assessment. What plaintiff misperceives is that the Director’s estimated tax assessment was not a final determination when it was issued. It became such only because plaintiff ignored it. Plaintiff did not furnish the requested information as was done in Vicoa. Plaintiff did not protest the notice of assessment nor did it request a hearing pursuant to N.J.S.A. 54:49-18, also, as was done in Vicoa.
Plaintiff is charged with a knowledge of the law and as the Director points out, the Division of Taxation is not required to notify a taxpayer that it has 30 days within which to file a protest and request a hearing as is set forth in N.J.S.A. 54:49-18. Additionally, the Director is not statutorily required to notify a taxpayer that a preliminary or proposed assessment becomes a final determination if the taxpayer fails to protest the proposed assessment and request a hearing.
B.
Next, plaintiff contends that the April 19, 1984 arbitrary assessment cannot constitute a valid final determination because the Director exceeded his authority in using the arbitrary assessment procedure outlined in N.J.S.A. 54:49-5. Plaintiff maintains that, since it filed the required CBT returns for the tax years in issue, the arbitrary assessment procedure is not available to the Director, and therefore, any assessment made in this manner is “merely an interim temporary step in the process of arriving at a ‘final determination’ reviewable by the Court.”
*427 Plaintiff asserts that the design of the State Tax Uniform Procedure Law, N.J.S.A. 54:48-1 et seq., was to set forth two distinct procedures for the Director to use in the collection of state taxes, one in the examination and audit of filed tax returns and a second, and totally different procedural framework, to be employed when taxpayers failed to file tax returns. It is only in the latter instance, plaintiff contends, that the Director can use the arbitrary assessment procedure. Plaintiff, however, provides no authority to support this thesis.
The arbitrary assessment statute permits the Director to make an estimate of a taxpayer’s tax liability if the “taxpayer shall fail to make any report as required by any state tax law____” N.J.S.A. 54:49-5; emphasis supplied. Plaintiff’s argument is that the words “report” and “return” are synonymous and that if a taxpayer has filed the necessary tax return, then the arbitrary assessment procedure cannot be employed by the Director.[3]
Plaintiff argues that, throughout the numerous state tax laws, the words “return” and “report” are used interchangeably and in one instance, i.e., N.J.S.A. 54:10A-18, the statute first refers to “return” in one sentence and then uses the word “report” in the next.
In response, the Director acknowledges that, while the words “report” and “return” are frequently employed, they are not specifically defined in the taxing provisions. Therefore, since, in the interpretation of statutes, words are generally to be accorded their common and ordinary meaning, N.J.S.A. 1:1-1, the Director, after a review of a number of authoritative *428 sources, maintains “that return means the tax form that is filed by a taxpayer while report means some type of account or statement and clearly reflects a broader concept than ordinarily identified with the term return.” See Black’s Law Dictionary 1169, 1184 (5 ed. 1979); 37A Words and Phrases (cum. sup. 1988) at 11-13, 88.
Simply stated, according to the Director, the word “report” is broader in meaning than “return.” I agree. The State Tax ^Uniform Procedure Law supports this construction. The tax procedure law demonstrates that the Legislature did not intend the words “report” and “return” to have identical meanings.[4] For example, in N.J.S.A. 54:49-4, the Legislature enacted penalty provisions for taxpayers “failing to file a return with the director” within the prescribed time. Again, in N.J.S.A. 54:50-6 the statute refers to “report” not “return.” In N.J. S.A. 54:50-9f. the statute refers to information contained in “reports or returns.” Additionally, the Director points to N.J. S.A. 54:50-22, which, in authorizing the destruction of original documents, refers to “any State tax return, report, application, payment, memorandum, writing, entry, representation or combination thereof____” Emphasis supplied. Clearly, the Legislature did not intend identical meanings to be ascribed to the two terms.
As further support for this construction, the Director points to the fact that it has been the Division’s long-standing practice and policy to issue arbitrary assessments if a taxpayer failed to comply with a Division request for information in aid of a Division audit. Therefore, the Director argues, this continuous course of practical construction and application of a tax statute is a factor of potent relevancy in its proper construction.
In contrast, plaintiff maintains that “long continued error does not make valid what is clearly invalid,” citing Maher *429 Terminals, Inc. v. Taxation Div. Director, 6 N.J.Tax 513, 534-535 (1984), aff'd in part and rev’d in part 212 N.J.Super. 164, 514 A.2d 532 (App.Div.1986).
The difficulty with plaintiff’s response is that the Director’s construction is not clearly or plainly erroneous. As a matter of fact, in this struggle to discern legislative intent or purpose, the Director’s construction is, at the very least, as reasonable as the construction offered by plaintiff.
It is well settled that the administrative construction of a statute with which the Legislature has not interfered over an extended period of time is proof that the administrative interpretation conforms with legislative intent. Body Rite Repair Co. v. Taxation Div. Director, 89 N.J. 540, 545-546, 446 A.2d 515 (1982). Although the Legislature has amended the State Tax Uniform Procedure Law, it has left intact the Division’s administrative construction and practice.
Plaintiff also argues that if the Legislature had intended to permit the Director to issue arbitrary assessments even though tax returns had been filed, it would have been unnecessary to empower the Director with the additional authority “to compel the testimony of witnesses and the production of records,” as set forth in N.J.S.A. 54:50-2 to -4. This argument is also unpersuasive. The Legislature provided the Director with a number of procedures or tools designed to effect the efficient collection of state taxes. The mere expression of one procedure cannot be construed as a limitation on the Director’s authority to employ another procedural device. As noted by the Director, there is an even more burdensome procedure designed to effect collection of taxes from corporate taxpayers. N.J.S.A. 54:11-2 permits the Director, through the Secretary of State, to secure the invalidation of a corporate taxpayer’s charter if the taxpayer fails to pay its taxes for two years. All of these procedures are reasonably designed to effectuate the collection of taxes and are not mutually exclusive.
As the parties have demonstrated in their briefs, the word “report” as used in N.J.S.A. 54:49-5 is not crystal clear, and *430 thus, lends itself to some interpretation. Neither interpretation offered is unreasonable, thus deference must be accorded to the Director’s construction. Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 327, 478 A.2d 742 (1984). As our Supreme Court observed in Metromedia, “the agency’s interpretation of the operative law is entitled to prevail, so long as it is not plainly unreasonable.” Ibid. The Director’s construction is not plainly unreasonable, and therefore, must prevail in this case.
Simply stated, plaintiff has not established that the practice of the Director, i.e., making an arbitrary assessment in the event a taxpayer fails to provide relevant information in relation to an audit, is beyond the Director’s statutory authority.
C.
Plaintiff also contends that the April 19, 1984 arbitrary assessment cannot be considered a valid final determination because it bears no relationship to the tax liability ultimately determined by the Director. Plaintiff argues that the term “arbitrary” is a misnomer and that the estimated tax assessment must be made in “good faith” and represent the Division’s “best estimate” of plaintiff’s actual liability.
Plaintiff does not demonstrate how one makes a “best estimate” when requisite information is lacking, nor does plaintiff offer any authority to support the proposition that an arbitrary assessment cannot be arbitrary. Without the information requested by the Division of plaintiff, the Division made an estimate based on the information available at the time. The fact that the potential liability and actual liability were not close does not change the fact that the Division made an estimate of plaintiff’s tax liability based on the information it had available.
Without the necessary information, any assessment could be characterized as arbitrary. The statute, by its own terms, does not impose limits on the nature of the “arbitrariness” of the assessment.
*431 A strict enforcement of an arbitrary assessment does not deny plaintiffs procedural due process rights, since plaintiff had, but failed to exercise on a timely basis, its right to challenge the assessment. Had plaintiff offered a timely challenge to the arbitrary assessment and supplied the requested information, the Division, as reflected in its notice of assessment dated February 26, 1988, would have provided plaintiff with its claimed refund.[5]
In sum, I conclude that the Director’s April 19, 1984 estimated tax assessment became a final determination when plaintiff failed to file a protest and request a hearing before the expiration of the 30-day period specified in N.J.S.A. 54:49-18. Therefore, plaintiff was required to file its complaint within 90 days of April 19, 1984. N.J.S.A. 54:10A-19.2. Having failed to do so, plaintiff’s complaint is untimely.
II.
Plaintiff also contends, however, that, even if its complaint was filed outside the time-lines of N.J.S.A. 54:10A-19.2, its claims for refund were timely filed in accordance with N.J.S.A. 54:49-14, and therefore, a refund would still be appropriate. The Director, in response, argues that plaintiff’s position is contrary to the Appellate Division’s determination in Vicoa, Inc. v. Director, Division of Taxation, supra, 166 N.J.Super. at 496, 400 A.2d 105.
Vicoa explained the relationship of the two statutes of limitation relative to corporation business tax refunds: N.J.S.A. 54:49-14, relied upon by plaintiff, and N.J.S.A. 54A0A-19.2, relied upon by the Director.
N.J.S.A. 54:49-14 provides:
any taxpayer at any time within two years after the payment of any original tax assessed against him, unless a shorter time limit is fixed by the law imposing the tax, may file with the commissioner a claim under oath for a refund____ [Emphasis supplied]
*432 The provisions of N.J.S.A. 54:49-16 also state that the “[Director] may ... within two years of payment” refund to the taxpayer any monies “erroneously or illegally collected.” On the other hand, under the statutory provisions of the CBT act “any aggrieved taxpayer may within 90 days after any action of the Director ... appeal therefrom to the Tax Court____” N.J.S.A. 54:10A-19.2; emphasis supplied.
The crucial distinction between these statutes is that the two-year statutes of limitations, N.J.S.A. 54:49-14 and -16, apply when a self-assessing tax, such as the corporate business tax, is voluntarily calculated and paid by the taxpayer, but it is subsequently discovered by the taxpayer that an error was made and that a refund is due on the original assessment. N.J.S.A. 54:10A-19.2, however, provides for a shorter period of appeal because it is activated only after some action has been taken by the Director against the taxpayer. Under the latter circumstance, since the taxpayer has received notice of a tax deficiency from the Director, and there is a specific date from which the appeal begins to run, the taxpayer must then act within this specified period of time or relinquish any rights to a subsequent appeal.
The decision of Vicoa, supra, clearly prescribes this interpretation of these two distinct types of statutes limiting the time for appeal of the Director’s determination. The principal focus of the dispute in Vicoa was on whether the two-year statute of limitations, N.J.S.A. 54:49-14, or the shorter 90-day period, N.J.S.A. 54:10A-19.2, applied to a taxpayer’s appeal of an assessment for corporate business taxes. The taxpayer argued that the lack of any specific provision in the CBT act limiting its right to appeal to three months thereby gave the taxpayer an alternative choice. It could either: (1) not pay the tax and appeal within the 90 days, or (2) pay the tax and claim a tax refund within two years from the payment date, after which it would have 90 days to appeal any denial of a refund claim by the Director. Rejecting the taxpayer’s argument, the court emphasized:
*433 it is reasonable that a corporation which pays taxes on the basis of its own calculations should have a longer interval within which to discover an error and to claim a refund. On the other hand, it is just as reasonable to require a corporation which desires to contest a determination of the Director to have a comparatively shorter interval within which to do so. To interpret the statute as appellant argues for all practical purposes would convert the three month period under N.J.S.A. 54:10A-19.2(a) into a much greater period in any case where the corporate taxpayer wants to extend the time. This would result in the former statute’s being practically a nullity — a result which should not be tolerated. [Vicoa, 166 N.J.Super. at 503, 400 A.2d 105]
Thus, the Vicoa court concluded that the general provisions of N.J.S.A. 54:49-14 would permit a two-year period to claim a tax refund “only ... in those cases in which the Director has not made a determination.” Id. at 502, 400 A.2d 105. In all of the cases where the Director has issued a notice of deficiency, however, the shorter three-month limitation period would apply.
Similarly, in the present case, plaintiff attempts to substitute the longer two-year period of N.J.S.A. 54:49-14 for the shorter period of appeal of the Director’s determination in N.J.S.A. 54A0A-19.2 on the ground that the Director’s arbitrary assessment of April 19, 1984 was not a final determination. As previously stated, however, the Director’s estimated tax assessment did become a final determination when plaintiff failed to protest and request a hearing pursuant to N.J.S.A. 54:49-18.
Additionally, strict compliance with statutory deadlines in tax legislation is considered an “unqualified jurisdictional imperative.” See Mayfair Holding Corp. v. North Bergen Tp., 4 N.J.Tax 38, 40 (Tax Ct.1982); Bass River Tp. v. Driscoll, 3 N.J.Tax 177, 182 (Tax Ct.1981). Our Supreme Court has reaffirmed this quintessential rule of tax policy. See F.M.C. Stores v. Morris Plains Bor., 100 N.J. 418, 424-425, 495 A.2d 1313 (1985) and the cases cited therein. (“Strict adherence to statutory time limitations is essential in tax matters, born of the exigencies of taxation and the administration of local government.” Id. at 424, 495 A.2d 1313). See also the line of cases cited in the Appellate Division opinion of the same case. F.M.C. Stores v. Morris Plains Bor., 195 N.J.Super. 373, 381, 479 A.2d 435 (App.Div.1984). In the present case, once the Director issued the estimated tax assessment on April 19, 1984 *434 and plaintiff failed to protest and request a hearing, the preliminary assessment became final and plaintiff had 90 days within which to file a complaint with the Tax Court. Having failed to do so within the prescribed statutory time-frame, plaintiff is now jurisdictionally proscribed from an appeal in the Tax Court and any consideration of its case on the merits.
Finally, there are no equitable considerations in this case that warrant tolling the applicable statute of limitations. Plaintiff is charged with knowledge of the law and cannot now defeat the imposition of statutory deadlines by pleading lack of knowledge or awareness. Furthermore, plaintiff could have preserved its right of appeal by filing a timely protest or Tax Court complaint. Cf. Suburban Dept. Stores v. East Orange, 47 N.J.Super. 472, 136 A.2d 280 (App.Div.1957) (“it is clear that public policy requires the orderly and expeditious pursuit of the statutory and legal remedies made available for the correction, revision or reduction of tax assessments____” Id. at 482, 136 A.2d 280). The failure to comport with strict filing deadlines now bars any consideration of plaintiff’s case on the merits.
In accordance with the principles enunciated in this opinion, I find that plaintiff has not complied with the strict time requirements of N.J.S.A. 54:10A-19.2 for filing an appeal with the Tax Court. The Clerk of the Tax Court is, therefore, directed to dismiss plaintiff’s complaint for lack of jurisdiction and to issue a judgment in favor of defendant.

NJ.S.A. 54:49-6 provides:
After a report is filed under the provisions of any State tax law, the director shall cause the same to be examined and may make such further audit or investigation as he may deem necessary, and if therefrom he shall determine that there is a deficiency with respect to the payment of any tax due under such law, he shall assess the additional taxes, penalties of 5% of the tax, and interest at the rate of five percentage points above the prime rate, to be compounded daily from the date the tax was originally due to the date of payment, due the State from such taxpayer, give notice of such assessment to the taxpayer, and make demand upon him for payment.

It must be noted, at this point, that the February 26, 1988 notice of assessment was not a final determination when issued but merely a proposed assessment which plaintiff could have protested and requested a hearing. If plaintiff had done so the subsequent letter or notice issued by the Director after the hearing would constitute the final determination. N.J.S.A. 54:49-18.

Plaintiff notes that the Director’s own regulation states that an arbitrary assessment is to be used “if the taxpayer shall fail to file a return as required by law.” NJ.A.C. 18:7-14.3(a). This does not support plaintiff’s argument. The regulation does not state that the arbitrary assessment procedure can only be used when a tax return has not been filed. It may well be that the failure to file a return will constitute the large majority of those cases in which arbitrary assessments will be made. But that does not limit the Director’s statutory authority to utilize the procedure when a taxpayer fails to provide a "report” as opposed to a "return.”

This would be true even in N.J.S.A. 54:10A-18, cited by plaintiff, in which the Legislature used "return” in one sentence and then "report" in the next. The term "report" being broader in meaning than "return" could denote "return" while the reverse would not be true.

Properly viewed, this case amounts to nothing more than a failure to challenge an assessment within the statutory period of limitations.