**NOT FOR PUBLICATION WITHOUT APPROVAL OF**
**THE TAX COURT COMMITTEE ON OPINIONS**

**TAX COURT OF NEW JERSEY**



MALA SUNDAR
JUDGE

Richard J. Hughes Justice Complex
P.O. Box 975
Trenton, New Jersey 08625-0975
609 815-2922, Ext. 54630 Fax 609 376-3018

March 27, 2020

Mark Cherry, Esq.
Cherry Hill, New Jersey 08034
Attorney for Plaintiffs

Heather Lynn Anderson, Esq.
Deputy Attorney General
Attorney for Defendant

> Re:    SRNJ Telecom, Inc. & Dae Sik Su v. Dir., Div. of Taxation
>        Docket No. 013681-2017

Dear Counsel:

This letter opinion decides the summary judgment motion filed by defendant ("Director"), seeking a dismissal of the above-captioned complaint with prejudice. The essence of the Director's motion is that the imposition of an arbitrary sales tax assessment of $50,000 by the Division of Taxation (the State agency which defendant heads, hereinafter "Taxation") upon the corporate plaintiff ("SRNJ") is valid because SRNJ never responded to Taxation's auditor's request for books and records, and its proffer of information as to the purported assessment at the administrative protest was inadequate and sorely lacking.[1] The Director's Statement of Material Facts not in Genuine Dispute in support of his motion was a recitation of the certifications of the auditor (as to the audit procedure and result), and the conferee (as to the administrative protest hearing and result).

The auditor's certification was as follows: SRNJ is an authorized Metro PCS cell phone store and service retailer in Burlington, New Jersey. He first notified SRNJ that it was selected

---

[1] Although Dae Sik Su is also listed as a plaintiff, the disputed assessment was only against the corporate plaintiff. The court will therefore use "SRNJ" in this opinion rather than "plaintiffs."






for audit, and in this connection, had to produce certain identified books and records. Since there was no response to this notice or to his follow-up letters, he notified SRNJ that its lack of response would trigger an arbitrary assessment of $50,000. When SRNJ's accountant called him, he stated that he could not discuss the case without a formal authorization form from SRNJ in this regard. As there was no further contact from SRNJ or its accountant, he imposed an arbitrary sales tax assessment of $50,000 (for tax periods 01/01/2012 to 09/30/2015) plus penalties and interest for a total of $59,928.89, by a Notice of Final Audit Determination dated February 3, 2016. The auditor included all the documents supporting the assessment in his certification. One such document was his audit report, which included a sheet titled "Summary of Gross Receipts" showing that the gross receipts reported in SRNJ's Sales & Use tax ("SUT") returns did not match the gross receipts reported on its Corporation Business Tax ("CBT") returns for tax years 2011 to 2014 (the 2011-2014 CBT returns reporting $781,209, $148,835, $88,495, and $77,899 of receipts more than the receipts on the SUT returns).

The conferee's certification was as follows: SRNJ administratively protested the audit determination on April 27, 2016, and disagreed with the same since it was a "conduit for cell phone customer and cell phone carrier," and that it "remitted all receipts into its checking account which was directly withdrawn by the carrier." At the conference hearing in August 2017, SRNJ provided Excel spreadsheets that appeared to the conferee to be a sales journal for 2014. SRNJ stated that it had nothing more since all records had been thrown away. Based on this, the conferee determined that SRNJ had failed to maintain adequate business records and had failed to employ adequate internal controls as required by law. He therefore upheld the arbitrary assessment and issued a final determination in this regard on October 19, 2017 (which showed $66,400.87 as the amount owed due to accrued interest).

2

In response to the Director's summary judgment motion, SRNJ filed a brief as its opposition. In the portion titled "Procedural History and Statement of Material Facts," the brief asserted that SRNJ was sold on August 31, 2015, and its principal, plaintiff Dae Sik Su, moved to Texas. It thereafter recited the same facts that were contained in Taxation's auditor's certification (as to the attempted contacts, lack of response from SRNJ, and imposition of the arbitrary assessment) and the conferee's certification (as to the administrative protest, hearing, and issuance of the final determination). Additional facts were that during this litigation, SRNJ provided the Director third-party verifications of payments it had made to the cell carrier and "bill collector," which the Director rejected. Included with its brief were several pages of what it termed "third party verifications"; however, these documents were not accompanied by any certification, nor were any of the asserted additional facts.

The Director's reply brief argued that due to the procedural deficiencies in SRNJ's opposition, his material undisputed facts were deemed admitted. He also argued that SRNJ failed to provide definitive qualitative documentary evidence to support the complaint or opposition to the summary judgment motion, and further that the third-party statements attached to SRNJ's brief were for periods before the audit tax periods and did not tie-in to the receipts reported on SRNJ's SUT/CBT returns. Therefore, the Director argued, summary judgment should be granted in his favor since Taxation's arbitrary assessment was properly imposed under the law and under the facts here.

After the court provided SRNJ's counsel an opportunity to correct these procedural deficiencies, including its non-response to the Director's statement of material undisputed facts, SRNJ filed a subsequent supplemental opposition. It included a heading "Statement of Disputed/Undisputed Facts" and in one paragraph stated that it did not contest the Director's

3

Statement of Material Facts not in Genuine Dispute; rather, its "sole contention" was that the Director had failed to consider "business records provided by a Third-Party Bill collector," which would have provided "a more accurate determination." However, there were neither new documents appended to this brief, nor any certifications in support of the documents filed with the initial opposition brief. Thus, the Director's supplemental reply brief (as permitted by the court) reasserted that summary judgment in his favor was appropriate.

**ANALYSIS**

An order granting summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). An issue of fact is genuine "only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact." Ibid. Denial is appropriate where the evidence is of such a quality and quantity that reasonable minds could return a finding favorable to the party opposing the motion. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 534, 540 (1995).

Under our court rules, when a party opposes a summary judgment motion (which motion itself has certain requirements, all of which were followed by the Director, the movant), it must file a response to the movant's statement of material facts "admitting or disputing" each such statement of fact. R. 4:46-2(b). Failure to do so results in the movant's R. 4:46-2(a)-compliant statement of material facts to be "deemed admitted," but only for purposes of the summary judgment motion. R. 4:46-2(b). The non-movant can include additional facts it contends are

4

material and genuinely disputed. Ibid. These facts should be listed in "separately numbered paragraphs together with citations to the motion record." Ibid.

Additionally, when opposing a properly supported summary judgment motion, the non-movant cannot "rest upon the mere allegations or denials of the pleading." R. 4:46-5(a). Rather, the response or opposition must be "by affidavits," or as required by R. 4:46-2(b), and must identify the specific facts in genuine dispute. R. 4:46-5(a). If not, "summary judgment, if appropriate, shall be entered." Ibid. If an affidavit is presented indicating that "facts essential to justify the opposition" could not be submitted without a supporting affidavit, the court can deny the summary judgment or make any other appropriate order. Ibid.

Here, under the supplemental opposition, SRNJ states that it does not contest the Director's statement of material undisputed facts. To that extent, it corrected the R. 4:46-2(b) deficiency. However, because it included an assertion that the Director failed to consider the third-party information that it provided, it presumably is raising a material fact in genuine dispute in support of its argument that the arbitrary assessment was unreasonable. In this regard, the absence of supporting certifications violates R. 4:46-5(a), and by its incorporation, R. 4:46-2(b).

Nevertheless, when the non-movant submits pleadings that do not conform to, or comply with, R. 4:46-2(b) or -5(a), the court is not mandated to simply ignore the non-movant's responses and accept the movant's assertions alone. Compliance with court rules is essential, whether a party is represented by counsel or is self-represented; however, courts should not dismiss complaints with prejudice, nor grant summary judgment (as the Director seeks here), due to procedural deficiencies. Indeed, the summary judgment rules provide that where the non-movant does not make the requisite response (with supporting affidavits or certification), the court can grant summary judgment to the movant "if appropriate." R. 4:46-5(a). Thus, that a

5

movant's statement of material facts is not disputed does not necessarily mean that the movant's motion for summary judgment should be granted.  See, e.g., Black United Fund of N.J., Inc. v. City of East Orange, 17 N.J. Tax 446, 448-49 (Tax 1998) ("an unopposed motion will not be granted unless the court is satisfied that the legal standards for granting the motion have been met"), aff'd, 339 N.J. Super. 462 (App. Div. 2001).  Rather, in deciding whether a grant of summary judgment is appropriate, the court must "review the competent evidential materials submitted by the parties to identify whether there are genuine issues of material fact and, if not, whether the moving party is entitled to summary judgment as a matter of law." Bhagat v. Bhagat, 217 N.J. 22, 38 (2014) (citation omitted).

Additionally, even if a motion is deemed uncontested, a judge must make findings of fact and conclusions of law which co-relate to those facts to determine whether the movant is entitled to the relief claimed in the summary judgment motion. See R. 4:46-2(c); R. 1:7-4(a).  The court's responsibility includes an "obligation to" decide all critical issues.  Pressler & Verniero, Current N.J. Court Rules, cmt. 1 on R. 1:7-4(a) (2020).  Thus, although R. 4:46-2(b) deems as admitted sufficiently supported material facts that are not "specifically disputed" by the non-movant, R. 1:7-4(a) requires the "motion judge [to] correlate those facts to legal conclusions.  The court rules do not provide any exception from this obligation where the motion is unopposed. R. 1:7-4(a); R. 4:46-2(c)." Allstate Ins. Co. v. Fisher, 408 N.J. Super. 289, 299-300 (App. Div. 2009).

Finally, when considering summary judgment motions, all legitimate inferences must favor the non-movant. R. 4:46-2(c).  The court must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party in consideration of the applicable evidentiary standard, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill, 142 N.J. at 523.

It is thus the movant's "burden to exclude any reasonable doubt as to the existence of any genuine issue of material fact" regarding the claims asserted. Judson v. Peoples Bank and Tr. Co., 17 N.J. 67, 74 (1954) (citation omitted).

Here, SRNJ does not oppose the Director's summary judgment motion on grounds that Taxation cannot impose an arbitrary assessment, or that as imposed, it is unlawful. Cf. Peoples Exp. Co., Inc. v. Dir., Div. of Taxation, 10 N.J. Tax 417 (Tax 1989) (granting the Director's motion to dismiss a complaint for untimely filing and rejecting taxpayer's argument that arbitrary assessments are simply estimated, and therefore, the statute of limitations does not run). Rather, it is contesting the reasonableness of the arbitrary assessment on grounds that the Director failed to give credence to the information it has provided.

The law is that a person required to collect sales tax must retain adequate business records for examination and inspection by Taxation. N.J.S.A. 54:32B-16; N.J.A.C. 18:24-2.3; N.J.A.C. 18:24-2.4. Absent records, Taxation is afforded broad authority in determining the tax due from any information that may be available, including external information. N.J.S.A. 54:32B-19[2]; Yilmaz, Inc. v. Dir., Div. of Taxation, 22 N.J. Tax 204, 231, 235 (Tax 2005), aff'd, 390 N.J. Super. 435 (App. Div. 2007). See also Alpha I, Inc. v. Dir., Div. of Taxation, 19 N.J. Tax 53 (Tax 2000) (indicating that where a taxpayer destroys records prematurely, it places itself in jeopardy for additional tax).

---

[2] N.J.S.A. 54:32B-19 states that if a sales tax return "is not filed, or if a return when filed is incorrect or insufficient, the amount of tax due shall be determined by" Taxation "from such information as may be available. If necessary, the tax may be estimated on the basis of external indices, such as stock on hand, purchases, rental paid, number of rooms, location, scale of rents or charges, comparable rents or charges, type of accommodations and service, number of employees or other factors."

The Tax Court is required to "determine all issues of fact and of law de novo." N.J.S.A. 2B:13-3(b). This means that this court grants a "new hearing or a hearing for the second time, contemplating an entire trial in the same manner in which matter was originally heard and a review of previous hearing." Chevron U.S.A., Inc. v. City of Perth Amboy, 9 N.J. Tax 571, 581 (Tax 1988).

Here, the ultimate fact to be resolved is the reasonableness of the amount of the arbitrary assessment, not the fact of its imposition. Due to this court's de novo review powers, SRNJ is not barred from proffering any and all proofs (documentary or testimonial) that it thinks will show that the arbitrary sales tax assessment amount is unreasonable. This is so even if its proofs did not satisfy Taxation's conferee, and even if such proofs were not proffered to Taxation during the administrative protest. Although Taxation's final determinations are afforded a presumption of correctness, this does not mean that a taxpayer cannot be allowed to prove what the proper assessment should be.

The Director argues that SRNJ failed to "provide any cogent, definite, positive and certain documentary evidence to support the complaint or their arguments in opposition to" his summary judgment motion, and "thus fail[ed] to show how [his] assessment was 'aberrant' as required by the leading case of" Yilmaz. In other words, the Director says, since SRNJ concededly has no books and records, it cannot possibly prove what the proper sales tax assessment should be, and therefore, Taxation's arbitrary assessment must be affirmed via his summary judgment motion. However, SRNJ is arguing that it has third-party information that will show SRNJ's gross receipts, and that those receipts should be the basis for imposition of the sales tax, if any. Thus, its opposition is not based on naked assertions, especially where Taxation's auditor certified that SRNJ is an authorized Metro PCS cell phone store and service

8

retailer. A taxpayer is not barred from using a third-party's information as proof when contesting the reasonableness of an arbitrary assessment.[3] Whether such proof is credible is for this court to decide at/during trial. Notably, the findings in <u>Yilmaz</u>, which the Director heavily relies upon, were based on trial proceedings and the credibility of the evidence adduced therein – not on a summary judgment motion. Therefore, the Director's reliance on <u>Yilmaz</u> as support for the grant of summary judgment in his favor is simply unpersuasive.

**CONCLUSION**

For the aforementioned reasons, the court does not find it appropriate to grant the Director summary judgment <u>as a matter of law</u>, despite the procedural deficiencies in SRNJ's opposition. Rather, and based on this court's de novo review authority, SRNJ should be allowed the opportunity to adduce proof as to what the reasonable sales tax assessment should be.

Therefore, the Director's summary judgment motion is denied. The matter will be set for trial at a date to be decided.

Very Truly Yours,

Mala Sundar, J.T.C.

---

[3] Taxation also uses third-party information during its cash audits to verify or corroborate a taxpayer's books and records. <u>See e.g.</u> <u>Charley O's, Inc. v. Dir., Div. of Taxation</u>, 23 N.J. Tax 171, 176 (Tax 2006) (auditor agreed with the taxpayer's record of purchases since it approximated the "amount he had estimated based on information obtained by [Taxation] . . . from third party suppliers, particularly vendors of" alcohol).